Andrew L. COTTONE, Appellant,

v.

Thoris Stephanie COTTONE, Appellee.

No. 01–02–00746–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 31, 2003.

Lawrence J. Behrmann, Houston, for Appellant.

William D. Hancock and Langdon M. Smith, Hjalmarson, Smith & Hancock, Houston, for Appellee.

Panel consists of Justices HEDGES, NUCHIA, and KEYES.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Andrew L. Cottone, appeals the trial court's denial of his motion to void or to clarify the decree under which he and appellee, Stephanie Thoris Cottone, were divorced and their property was divided. In two issues presented for review, Andrew contends that (1) the portion of the decree awarding Stephanie half of his separate property personal injury award is void for want of subject matter jurisdiction and (2) the trial court abused its discretion by denying his motion because it did not consider his evidence, thus depriving him of his fundamental right of access to the court. We affirm.

## Background

Andrew and Stephanie were divorced in November 2000. Andrew filed a waiver of citation, then filed an answer a month later, but did not appear at the hearing. In the divorce decree, the trial court awarded Stephanie half of $50,000 that was awarded to Andrew during the marriage for injuries he sustained in a car accident. The settlement documents governing the personal injury award did not identify what portion was for lost wages and medical expenses and what portion, if any, was for pain and suffering. Andrew did not attend the hearing on the divorce and did not provide the court with any evidence showing that the personal injury award consisted of only his separate property.

Andrew timely filed, but then withdrew, a motion for new trial. He later timely filed a bill of review that was denied by the trial court. Andrew did not appeal the trial court's denial of his bill of review. Months later, after the trial court's plenary power had expired, Andrew filed a second motion for new trial that was denied as untimely filed.

When Andrew refused to remit to Stephanie her half of the personal injury award, Stephanie filed a motion to enforce the decree. The trial court found Andrew in contempt for not paying Stephanie this money; in response, he filed a motion to declare the award void or, in the alternative, to clarify the decree. After holding a hearing on the matter, the trial court denied the motion, and this appeal ensued. Pending disposition of the appeal, the trial court stayed collection of the disputed funds.

## Subject Matter Jurisdiction

■ In his first issue, Andrew contends that personal injury awards are separate property as a matter of law and that the trial court lacked subject matter jurisdiction over his separate property. Thus, he argues that the portion of the divorce decree awarding Stephanie half of his personal injury award is void.

■ A recovery for personal injuries sustained by a spouse during marriage is generally that spouse's separate property. TEX. FAM.CODE ANN. § 3.001(3) (Vernon 1998); *Graham v. Franco*, 488 S.W.2d 390, 396 (Tex.1972); *Licata v. Licata*, 11 S.W.3d 269, 273 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). However, portions of a personal injury award belong to the community estate, including damages for lost wages, medical expenses, and other expenses associated with the injury to the community estate. TEX. FAM.CODE ANN. § 3.001(3); *Licata*, 11 S.W.3d at 273; *Osborn v. Osborn*, 961 S.W.2d 408, 414 (Tex.App.-Houston [1st Dist.] 1997, pet. denied). When a spouse receives a settlement from a lawsuit during marriage, some of which could be separate property and some of which could be community property, it is that spouse's burden to demonstrate which portion of the settlement is his separate property. *Licata*, 11 S.W.3d at 273. Andrew did not demonstrate which portions of the personal injury award were his separate property.

■ A court has wide discretion in dividing community property, but it cannot divest a spouse of separate property. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139 (Tex.1977). Such a divestiture is both unconstitutional and in violation of the Family Code. *See Cameron v. Cameron*, 641 S.W.2d 210, 214 (Tex.1982). However, to directly attack a decree entered by a trial court, a party must timely file a motion for new trial or a motion to correct, to amend, to modify, to reform, or to vacate the judgment. *See Texas Dept. of Pub. Safety v. Burrows*, 976 S.W.2d 304, 306 (Tex.App.-Corpus Christi 1998, no pet.). To directly attack the trial court's decree in an appellate court, a party must bring an ordinary appeal, a restricted appeal, or an appeal from a bill of review judgment. *Id.* Such direct attacks have precise time requirements for their perfection that Andrew did not satisfy. *Id.*

The procedural chronology in this case is as follows: The divorce decree was rendered on November 22, 2000. Andrew had 30 days to appeal the decree or to file a motion for new trial or a motion to modify, to correct, or to reform the judgment. *See* TEX.R. CIV. P. 329b (a),(d),(e),(g). Andrew timely filed a motion for new trial on December 1, 2000, but abandoned the motion on December 13, 2000. The trial court never ruled on the motion. Thus, assuming without deciding that the abandonment did not affect the appellate timetable, the motion was overruled by operation of law 75 days later, on February 26, 2001. Because he filed a motion for new trial, Andrew had 90 days from the date of the judgment, or until February 17, 2001, to perfect an appeal. *See* TEX.R.APP. P. 26.1(a)(1). He did not appeal. He also did not pursue a restricted appeal.

Once the time for direct attack by appeal has elapsed, a bill of review in the court rendering the judgment is the exclusive remedy to attack the judgment. *See* TEX.R. CIV. P. 329b(f); *Middleton v. Murff*, 689 S.W.2d 212, 212 (Tex.1985); *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 294 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Andrew filed a bill of review that was denied by the trial court on May 29, 2001. Andrew did not file a motion in the trial court seeking a new trial or modification of the denial. Thus, he had 30 days, or until June 28, 2001, to appeal the denial of the

bill of review to this Court. *See* TEX. R.APP. P. 26.1. He did not file an appeal.

In sum, Andrew could have offered evidence at the divorce hearing to substantiate his claim that the personal injury award consisted solely of separate property, but he did not. He could have contested the characterization of this property and its division by pursuing his original motion for new trial or by appealing the denial of his bill of review, but he did not. Thus, he cannot directly attack the judgment in the trial court or by appeal at this juncture.

 A judgment can be collaterally attacked after the time to appeal has passed only in extraordinary circumstances. *Nguyen*, 93 S.W.3d at 294. If a trial court lacks subject matter jurisdiction, its judgment is void, and the judgment is properly subject to collateral attack. *Id.* By asserting that the trial court did not have subject matter jurisdiction over his separate property, Andrew is attempting to attack the judgment collaterally. However, he cannot prevail.

Although there is some authority that seems to suggest that a trial court does not have subject matter jurisdiction over separate property, the Texas Supreme Court recently ruled otherwise in a case directly on point. *See Reiss v. Reiss*, 118 S.W.3d 439 (Tex.2003). The husband in *Reiss* contended that the divorce decree was a void judgment because the trial court that rendered it did not have jurisdiction to divest him of his separate property. *Id.* at 442. Therefore, the husband argued that the decree was subject to attack at any time. *Id.* The court rejected this argument, noting that "jurisdiction" refers to a court's authority to adjudicate a case and that, in general, as long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court,

its judgment is not void. *Id.* The *Reiss* court held that the trial court had incorrectly characterized separate property as community property in the divorce decree, and that the judgment would have been voidable if it had been properly appealed. *Id.* Nevertheless, the court held that the judgment was not void because a court has jurisdiction to characterize community property, even if it does so incorrectly; therefore, when the husband did not perfect an appeal, the judgment became final, and the husband could not collaterally attack the court's division of property in the decree. *Id.*

Accordingly, we hold that Andrew cannot collaterally attack the trial court's division of property in the divorce decree. We overrule his first issue.

### Denial of Motion to Clarify or to Declare Judgment Void

 In his second issue, Andrew contends that the trial court abused its discretion when it denied his motion to clarify or to declare the judgment void because it did not consider his evidence, thus depriving him of his fundamental right of access to the court. We conclude that this argument is without merit. The trial court did not err in denying the motion to declare the judgment void, as explained in the preceding section. It also did not err in denying the motion to clarify the decree. What Andrew sought was not clarification, but amendment.

An order of clarification is appropriate when the original form of the division of property is not specific enough to be enforceable by contempt. TEX. FAM.CODE ANN. § 9.008(b) (Vernon 1998). The division of the personal injury award is crystal clear: it is divided equally between Stephanie and Andrew. What Andrew was actually asking the trial court to do was to

215

revisit the issue, which it could not do. A court cannot amend, modify, alter, or change the division of property made in the decree of divorce. TEX. FAM.CODE ANN. § 9.007(a) (Vernon 1998). Moreover, an order to clarify may not alter or change the substantive division of property. *Id.*

Andrew's access to the court was unimpeded—he filed his motion and argued it at a hearing. Therefore, his fundamental right of access was honored.

We overrule the second issue.

We affirm the trial court's judgment.