NO.
12-06-00166-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

BOBBY STOKER,    §          APPEAL FROM THE 307TH

APPELLANT

 

V.        §          JUDICIAL DISTRICT COURT OF

 

PAULINE STOKER,

APPELLEE   §          GREGG COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Bobby
Stoker appeals the trial court’s final decree of divorce.  Bobby and Pauline Stoker were married on
August 28, 1976.  On January 28, 2005,
Pauline filed for divorce.  Following a
bench trial, the trial court entered a divorce decree dividing their community
property.  In two issues, Bobby
challenges the trial court’s characterization of the marital residence as
community property and its division of the community property.  We affirm. 

 

Characterization of the Marital Residence as
Community Property

            In his first issue, Bobby challenges
the factual sufficiency of the evidence supporting the trial court’s finding of
fact that the marital residence was community property.  

Standard of Review








            Findings of fact by a trial court,
such as the characterization of property as community property, have the same
force and dignity as a jury’s verdict upon jury questions.  Franco v. Franco, 81 S.W.3d
319, 332 (Tex. App.–El Paso 2002, no pet.); see Catalina v. Blasdel,
881 S.W.2d 295, 297 (Tex. 1994). 
Findings of fact are not conclusive when a complete reporter’s record is
part of the appellate record.  Tucker
v. Tucker, 908 S.W.2d 530, 532 (Tex. App.–San Antonio 1995, writ
denied); see Middleton v. Kawasaki Steel Corp., 687 S.W.2d 42, 44
(Tex. App.–Houston [14th Dist.] 1985, writ ref’d n.r.e.).  We apply the same standard when reviewing the
factual sufficiency of the evidence supporting a trial court’s fact findings as
we do when reviewing the evidence supporting a jury’s answer to a special
issue.  Ortiz v. Jones, 917
S.W.2d 770, 772 (Tex. 1996). 

            Property possessed by either spouse
on dissolution of marriage is presumed to be community property.  Tex.
Fam. Code Ann. § 3.003 (Vernon 2006). 
A party seeking to have property characterized as separate property
carries the burden of proof at trial.  See
Cockerham v. Cockerham, 527 S.W.2d 162, 167 (Tex. 1975); Boyd
v. Boyd, 131 S.W.3d 605, 612 (Tex. App.–Fort Worth 2004, no pet.).  Clear and convincing evidence is required to
establish that property is separate property. 
Tex. Fam. Code Ann. §
3.003.  Clear and convincing evidence is
the degree of evidence necessary to produce in the mind of the trier of fact a
firm belief or conviction about the allegations sought to be established.  See In re C.H., 89 S.W.3d 17,
25 (Tex. 2002). 

            When we review the factual
sufficiency of a failure to characterize property as separate property (a
nonfinding), we reverse only when the great weight of the evidence would
support, by clear and convincing evidence, an affirmative finding that the
property was separate property.  Cf. Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001) (citing Pool
v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986)).  In our review, we examine both favorable and
contradicting evidence as found in the record. 
See Francis, 46 S.W.3d at 242.  If reasonable minds could differ about the
conclusion to be drawn from the evidence, the evidence supporting the
nonfinding is not factually insufficient. 
See Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex. 1988). 

Discussion

            The marital residence was presumed
to be community property because it was owned by Bobby and Pauline at the time
of the divorce.  See Tex. Fam. Code Ann. § 3.003.  Bobby contends that the marital residence was
his separate property because it was purchased with funds from a personal
injury settlement he received during the marriage.  To establish his claim, Bobby had the burden
to show by clear and convincing evidence that the purchase money for the
residence was his separate property.  See
id.

            A personal injury settlement for
injuries sustained during marriage is separate property.  Tex.
Fam. Code Ann. § 3.001 (Vernon 2006). 
However, any recovery for loss of earning capacity during marriage is
community property. Id. 
Bobby admitted that he had no knowledge of whether a portion of his
settlement may have been for loss of earning capacity during the marriage.  As such, there was an issue about whether the
settlement included both separate and community funds.  When a spouse receives a settlement from a
lawsuit during marriage, some of which could be separate property and some of
which could be community property, it is that spouse’s burden to demonstrate
which portion of the settlement is his separate property.  Cottone v. Cottone, 122 S.W.3d
211, 213 (Tex. App.–Houston [1st Dist.] 2003, no pet.).  Therefore, Bobby was required to trace and
clearly identify the portion of the settlement proceeds that was his separate
property and then to show that those funds were the source of the purchase
money for the residence.  See McElwee
v. McElwee, 911 S.W.2d 182, 188 (Tex. App.–Houston [1st Dist.] 1995,
writ denied).

            At trial, Bobby testified that he
received a personal injury settlement in 1988 and deposited the proceeds in a
separate account.  He stated further that
he purchased the residence with a portion of the proceeds.  Pauline was asked if the money used to
purchase the residence came from Bobby’s settlement, to which she answered “I
suppose so.”  This testimony shows that
the residence was purchased with a portion of Bobby’s settlement proceeds.  Bobby did not, however, introduce any
evidence to show what portion of the settlement was allocated to his loss of
earning capacity during the marriage. 
Therefore, Bobby did not establish what portion of the settlement
proceeds was his separate property.  

            When an account contains
intermingled separate and community funds, it is presumed that the funds first
spent are community funds.  See Hill
v. Hill, 971 S.W.2d 153, 158 (Tex. App.–Amarillo 1998, no pet.); Welder
v. Welder, 794 S.W.2d 420, 433 (Tex. App.–Corpus Christi 1990, no
writ).  This presumption exists until all
community funds have been exhausted from the 
account.  See id.  Absent a showing that all community funds had
been exhausted before Bobby and Pauline purchased the residence, any funds
spent are presumed to be community funds. 
See id.  Because
Bobby did not establish what portion of the settlement was his separate property,
he was unable to show that the account contained only his separate property
funds at the time the residence was purchased. 
Consequently, he failed to overcome the community property presumption.  Because the purchase money for the residence
was presumed to be community property, the trial court did not err in its
finding that the residence was community property.  Bobby’s first issue is overruled.

 

Division of the Community Property

            In his second issue, Bobby claims
that the trial court’s community property division was unreasonable and thus
constituted an abuse of discretion.

Standard of Review

            We review a trial judge’s division
of community property under an abuse of discretion standard.  Stafford v. Stafford, No.
12-04-00128-CV, 2005 Tex. App. LEXIS 9940, at *4 (Tex. App.–Tyler Nov. 30,
2005, no pet.) (mem. op.) (citing Murff v. Murff, 615 S.W.2d 696,
698-99 (Tex. 1981)).  It is an abuse of
discretion for a trial court to rule arbitrarily, unreasonably, without regard
to guiding legal principles, or without supporting evidence.  Bocquet v. Herring, 972 S.W.2d
19, 21 (Tex. 1998).  A trial judge does
not abuse his discretion if there is some evidence of a substantive and
probative character to support the decision or if reasonable minds could differ
as to the result.  Stafford,
2005 Tex. App. LEXIS 9940, at *4.  Absent
a clear abuse of discretion, we do not disturb a trial judge’s division of
community property.  Id. at
*4-5 (citing Murff, 615 S.W.2d at 698).

Discussion

            In a divorce proceeding, the trial
judge “shall order a division of the estate of the parties in a manner that the
court deems just and right, having due regard for the rights of each party and
any children of the marriage.”  Tex. Fam. Code Ann. § 7.001 (Vernon
2006).  Thus, trial judges have wide
latitude and discretion in dividing community property.  Schlueter v. Schlueter, 975
S.W.2d 584, 589 (Tex. 1998).  When
dividing community property, a trial judge may consider a number of factors
including each party's (1) earning capacity, (2) age and physical condition,
(3) financial condition, (4) future needs for support, and (5) separate
estate.  Stafford, 2005
Tex. App. LEXIS, at *5-6 (citing Murff, 615 S.W.2d at 699).[1]

            Bobby and Pauline are both unable to
work due to health problems.  Bobby
currently receives social security disability benefits of $1,389.00 per
month.  In addition, the trial judge
found that Bobby’s rental home, unimproved real estate, and IRA (which
contained at least $20,000.00) were Bobby’s separate property.  Pauline currently receives $1,372.00 per
month in retirement income and was awarded a mineral interest, one item of real
estate, and one automobile as her separate property.

            Bobby and Pauline were each awarded
an undivided one-half interest in the marital residence.  Bobby was ordered to pay $10,000.00 to
Pauline as part of the community property division.  Bobby was awarded all other sums of money in
his possession, three automobiles, one tractor, two flat-bed trailers, two
stock trailers, one fishing boat and trailer, two calves, and almost all
household items and personal effects in his possession.  Pauline was awarded her retirement benefits,
all sums of money in her possession, some specific household items in Bobby’s
possession, all household items in her possession, and all personal effects in
her possession.  Taking into account the
totality of the evidence, and the applicable Murff factors, this
division is not unreasonable. 

            Bobby claims that this division was
unreasonable because he was not reimbursed for separate and community funds
used to improve Pauline’s separate property real estate.  However, at trial, Bobby introduced no
evidence, other than his own testimony, to show that separate funds were
used.  Bobby’s uncorroborated testimony
is insufficient to establish the separate nature of these funds.  See McElwee, 911 S.W.2d at
188.  Likewise, the amount of community
funds expended was never fully established. 
Moreover, Bobby used portions of Pauline’s separate property to graze
and maintain cattle for over ten years without payment of rent.  Bobby admitted that these cattle were his
separate property.  Further, Bobby also
has separate property that has been improved (presumably with community funds)
for which no reimbursement was ordered. 
Therefore, the trial court did not act unreasonably in denying reimbursement.

            We conclude that there was no abuse
of discretion by the trial court in its division of the marital estate.  Bobby’s second issue is overruled.

 

Disposition

            We
affirm the trial court’s judgment.  

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion delivered January 3, 2007.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

(PUBLISH)











[1] Both Murff and Stafford provide extensive
lists of additional factors that may be considered.  We have 
listed only the factors relevant to our analysis.