Opinion filed September 11, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
11, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00279-CV

                                                       ________

 

                              TONYA
RENEE NICKERSON, Appellant

                                                             V.

                                 HEROD
NICKERSON, JR., Appellee

 



 

                                        On
Appeal from the County Court at Law

                                                       Anderson
County, Texas

                                            Trial
Court Cause No. CCL-04-10297

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

In
this divorce case, Tonya Renee Nickerson complains, in one issue, about the
trial court=s order in
which it found that all money Herod Nickerson, Jr. received as part of a
settlement for personal injuries was his separate property.  We affirm.








Herod
and Tonya were married in September 2001.  Herod was injured on February 8,
2003, while working for the Burlington Northern and Sante Fe Railway Company. 
Herod received a settlement of $390,633.20 from the railroad.  The settlement
was structured for Herod to receive monthly payments of $2,000 per month for
twenty years as well as larger periodic payments.  The settlement agreement
states that the Burlington Northern and Santa Fe Railway Company Aagrees to pay the Railroad
Retirement Board the amount of [$10,407.80] in full and final satisfaction of
the lien asserted by the Railroad Retirement Board against the amounts paid to
[Herod] in this settlement.@ 
The settlement agreement further states that Athe
entire amount of this payment is apportioned to factors other than for time
lost . . . this is a final payment and complete release, and includes any claim
[Herod] may have for time lost.@

Herod
testified that the settlement from the railroad was all attributed to his
injury and that the money he received pursuant to the settlement was not for
lost wages.  Herod testified that he receives disability payments in the amount
of $1,287 per month as compensation for his future lost earnings.  The trial
court found that the portion of the settlement paid for lost wages was
reimbursement to the railroad retirement.  The trial court ordered that Aany and all monies [Herod]
received or is entitled to receive for any claim resulting in the lawsuit . . .
are his sole and separate property.@

A
spouse=s separate
property consists of Athe
recovery for personal injuries sustained by the spouse during marriage, except
any recovery for loss of earning capacity during marriage.@  Tex. Fam. Code Ann. '
3.001(3) (Vernon 2006).  When a spouse receives a settlement from a lawsuit
during marriage, some of which could be separate property and some of which
could be community property, it is that spouse=s
burden to demonstrate which portion of the settlement is his separate
property.  Cottone v. Cottone, 122 S.W.3d 211, 213 (Tex. App.CHouston [1st Dist.] 2003,
no pet.).

Herod
testified that the settlement proceeds were all attributed to his injury and
were not for lost wages.  The settlement agreement with the railroad was
admitted into evidence; it detailed the structure of the settlement payments. 
The settlement agreement stated that the settlement was Herod=s separate property and
that the entire portion of the settlement was for factors other than loss of
earnings.  The trial court did not err in finding that the money Herod received
from the railroad in settlement for his injury was his separate property. 
Tonya=s sole issue on
appeal is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

September 11, 2008                                                     CHIEF
JUSTICE

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.