In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00047-CV
_____

**MARK EDWARD ATHANS, Appellant**

**V.**

**CHARITY ATHANS, Appellee**

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 19-09-13162-CV

**MEMORANDUM OPINION**

Appellant Mark Edward Athans ("Mark") argues that the trial court erred by *sua sponte* dismissing his lawsuit to have a marriage declared void because of bigamy for want of jurisdiction. We affirm the trial court's judgment.

BACKGROUND

In March 2019, the County Court at Law Number 3 (hereafter referred to as the "original trial court") of Montgomery County, Texas, granted Mark's petition for divorce against Charity Athans ("Charity"), and in the Final Decree of Divorce,

1

the original trial court denied Mark's request for an annulment of fraud and awarded Charity certain property and monies.[1] In April 2019, a Montgomery County grand jury indicted Charity for bigamy, and the indictment alleged that Charity was still legally married to another man when she married Mark in August 2017. In June 2019, the original trial court entered an Order on Motion for Temporary Orders Pending Appeal, ordering Mark to pay Charity's attorney's fees as well as spousal support. In July 2019, Charity filed a First Amended Petition for Enforcement of Property Division and Enforcement of Temporary Orders Pending Appeal.

In September 2019, Mark filed an Original Petition and Application for Temporary Restraining Order and Temporary Injunction against Charity, alleging that the current trial court had jurisdiction under section 6.307 of the Texas Family Code to declare his marriage with Charity void because (1) the purported marriage was contracted in Texas, and (2) both he and Charity are domiciled in Texas. *See* Tex. Fam. Code Ann. § 6.307. According to Mark's petition, when he and Charity

---

[1]We note that this Court has dealt with the Athans's divorce on two prior occasions, and neither case is relevant to the outcome in this appeal. In July 2019, this Court granted Mark Athans's motion to dismiss his appeal from the County Court at Law No. 3. *See Athans v. Athans*, No. 09-19-00152-CV, 2019 WL 3330591, at *1 (Tex. App.—Beaumont July 25, 2019, no pet.). In April 2020, this Court conditionally granted Mark's petition seeking mandamus relief, in which Mark requested that the trial court vacate its order granting Charity Athans's motion to enforce the property division provisions and holding Mark in contempt. *See In re Athans*, No. 09-20-00074-CV, 2020 WL 1770903, at *1, *3 (Tex. App.—Beaumont Apr. 9, 2020, orig. proceeding).

purportedly married on August 7, 2017, Charity was still legally married to at least two other men, resulting in their marriage being void under section 6.202 of the Texas Family Code. *See id*. § 6.202. Mark alleged that he did not know Charity was married to the other men when he filed for divorce in 2018 or when the original trial court entered a Final Decree of Divorce in 2019. Mark also alleged that the Final Decree of Divorce and the June 2019 Reformed Order on Motion for Temporary Orders Pending Appeal are void and must be set aside because his purported marriage to Charity is void under section 6.202 of the Family Code and has no legal effect in Texas. *See id*. According to Mark, since his marriage is void, the original trial court did not have jurisdiction to grant him a divorce or divide the community estate.

On January 14, 2020, Charity pleaded guilty to bigamy and was placed on deferred adjudication community supervision for a period of four years and assessed a $500 fine. On January 29, 2020, the current trial court entered an Amended Show Cause Order on the Court's Motion to Dismiss for Want of Prosecution, ordering the parties to appear and show cause why Mark's Original Petition and Application for Temporary Restraining Order and Temporary Injunction should not be dismissed for want of jurisdiction. On February 3, 2020, Charity filed an Original Answer, entering a general denial and raising the affirmative defense of res judicata. On February 6, 2020, Mark filed a Response to the Amended Motion to Show Cause, arguing his

3

lawsuit is a collateral attack on a void divorce decree because of bigamy and that the original trial court lacked subject-matter jurisdiction to grant the divorce. Attached to Mark's response is a December 2019 Order for Decree of Nullity entered by the Fourth Judicial Circuit Court of South Dakota, ordering that: (1) Mark had no knowledge of Charity's prior marriages when he married Charity in Lawrence County, South Dakota on August 7, 2017; and (2) the marriage between Mark and Charity is null and void from the beginning. Mark argued that the current trial court has jurisdiction to declare the Final Decree of Divorce void and requested the trial court to vacate, set aside, and otherwise not enforce the Final Decree of Divorce or any enforcement orders.

On February 7, 2020, the current trial court signed an Order Dismissing Case for Want of Jurisdiction and found that it is undisputable the original trial court had jurisdiction over Mark's Petition for Divorce and to sign the Final Decree of Divorce and that the voidness of the marriage does not translate into the voidness of any judgment. The current trial court noted that the proper remedy in cases where a final judgment results when certain facts are fraudulently withheld is to file a bill of review, and the record shows that Mark's counsel was hired to file a bill of review but chose to file this lawsuit instead. The current trial court dismissed Mark's lawsuit for want of jurisdiction, finding that it is apparent that there may be a remedy for

4

Mark, just not one via this lawsuit alleging that the original trial court lacked jurisdiction.

ANALYSIS

On appeal, Mark contends that the trial court erred by *sua sponte* dismissing his lawsuit for want of jurisdiction. In three sub-issues, Mark questions whether (1) the original trial court had subject-matter jurisdiction to render the Final Decree of Divorce, (2) he was required to file a bill of review to attack the Final Decree of Divorce, and (3) section 6.307 of the Family Code invoked the current trial court's jurisdiction.

The question of whether a court has subject-matter jurisdiction is a question of law, and a trial court's order dismissing a cause for want of jurisdiction is reviewed *de novo*. *See Graber v. Fuqua*, 279 S.W.3d 608, 631 (Tex. 2009) (Wainwright, J., dissenting); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plaintiff's petition must state facts which affirmatively show the jurisdiction of the court in which the action is brought. *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex. 1967); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). When reviewing a trial court's order dismissing a case for want of jurisdiction, we construe the pleadings in favor of the plaintiff and look at the pleader's intent. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (citations omitted).

5

A judgment may be challenged as void through a direct or collateral attack. *In re Thompson*, 569 S.W.3d 169, 172 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding). A direct attack may take the form of (1) a pleading filed under the original cause number while the trial court has plenary power, or (2) after the trial court loses plenary power, a pleading filed under a new cause number that qualifies as a bill of review and is filed within four years of the judgment. *Id.*; *see also* Tex. R. Civ. P. 329b (providing the timelines that a trial court has plenary power to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed). Once plenary power has expired, generally, a trial court cannot set aside a judgment in a direct attack except by a bill of review. *See* Tex. R. Civ. P. 329b(f); *Cottone v. Cottone*, 122 S.W.3d 211, 213 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (stating that a bill of review in the court rendering the judgment is the exclusive remedy to attack the judgment). After the time period to bring a direct attack has expired, the petitioner may only attack the judgment collaterally by initiating a new case under a different cause number that challenges the effect of the original judgment. *In re Thompson*, 569 S.W.3d at 172.

"As with other final, unappealed judgments which are regular on their face, divorce decrees and judgments are not vulnerable to collateral attack." *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009) (citation omitted). "Although a final judgment may be erroneous or voidable, it is not void and thus subject to collateral

attack if the court had jurisdiction of the parties and subject matter." *Berry v. Berry*, 786 S.W.2d 672, 673 (Tex. 1990) (citations omitted). Thus, errors other than lack of jurisdiction over the parties or the subject matter render the judgment voidable and may be corrected only through a direct attack. *In re Thompson*, 569 S.W.3d at 172; *Hagen*, 282 S.W.3d at 902.

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is not void on the face of the record and is no longer subject to challenge by a motion for new trial or appeal. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998). A bill of review is a separate and independent suit, brought in the same court that entered the judgment being attacked under a different cause number. *In re Thompson*, 569 S.W.3d at 173-74. Generally, to set aside a judgment by a bill of review, a petitioner must plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident of wrongful act of his opponent, and (3) unmixed with any fault or negligence on petitioner's part. *Chapman*, 118 S.W.3d at 752; *Caldwell*, 975 S.W.2d at 537.

> Where the suit attacking a former judgment is commenced in the wrong court, but there is an order transferring the cause to the proper court and invoking the jurisdiction of the court which entered the improper judgment, jurisdiction is properly in that court and the jurisdiction relates back to the original filing of the suit.

*Ragsdale v. Ragsdale*, 520 S.W.2d 839, 841, 844 (Tex. Civ. App.—Fort Worth 1975, no writ) (citations omitted) (explaining that the district court entered an order transferring the case back to the Domestic Relations Court No. 1 on the grounds that the cause of action constituted a collateral attack on the prior divorce decree).

First, we note that Mark cannot collaterally attack the Final Decree of Divorce because he has not shown that it is void due to the original trial court not having jurisdiction over the parties and subject matter or acting outside of its capacity as a court. *See Hagen*, 282 S.W.3d at 902; *In re Thompson*, 569 S.W.3d at 172; *Cottone*, 122 S.W.3d at 214. Secondly, since Mark failed to show that the Final Decree of Divorce is void and thus subject to a collateral attack, section 6.307 of the Family Code, which gives a trial court jurisdiction to declare a marriage void in a collateral proceeding, does not apply in this case. *See* Tex. Fam. Code. Ann. § 6.307; *Berry*, 786 S.W.2d at 673. Moreover, since the original trial court's plenary power has expired, a bill of review filed in the original trial court is Mark's exclusive remedy for directly attacking the Final Decree of Divorce. *See* Tex. R. Civ. P. 329b(f); *Hagen*, 282 S.W.3d at 902; *In re Thompson*, 569 S.W.3d at 172; *Cottone*, 122 S.W.3d at 213.

Even if in the interest of justice, we construed Mark's pleadings in his Original Petition and Application for Temporary Restraining Order and Temporary Injunction to be sufficient to allege a relief under a bill of review, Mark's lawsuit

8

still does not qualify as a bill of review because it was not filed in the original trial court rendering the Final Decree of Divorce. *See* Tex. R. Civ. P. 71; *In re Thompson*, 569 S.W.3d at 173-74; *Cottone*, 122 S.W.3d at 213; *Ragsdale*, 520 S.W.2d at 841, 844. Since the current trial court did not render the Final Decree of Divorce, it did not have jurisdiction to set aside the Final Decree of Divorce. *See Cottone*, 122 S.W.3d at 213; *see also Ragsdale*, 520 S.W.2d at 841, 844. Accordingly, we conclude that the trial court did not err by *sua sponte* dismissing Mark's lawsuit for want of jurisdiction. We affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on August 10, 2021
Opinion Delivered January 13, 2022

Before Golemon, C.J., Horton and Johnson, JJ.

9