**Opinion issued July 3, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-24-00867-CV**

————————————

**PETER O'HEERON, Appellant**

**V.**

**NUTTY BROWN ENTERPRISES, L.P. AND MIKE FARR, Appellees**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1227785**

---

**MEMORANDUM OPINION**

The posture of this case is somewhat unusual. The judgment creditor sought to vacate a default judgment rendered in his favor. And the judgment debtors claimed that the default judgment against them was final. This has now boiled down to a single question that we must address—does a post-judgment motion filed after

the expiration of a trial court's plenary power revive jurisdiction over the case and extend the appellate timetable? Because the answer is "no," we vacate the county court's orders and dismiss this appeal for lack of jurisdiction.

## Background

Peter O'Heeron sued Nutty Brown Enterprises, L.P. and Mike Farr (collectively, Nutty Brown) in justice court for breach of contract. The justice court entered a default judgment for O'Heeron and awarded him $2,814.84 in damages.

Roughly three years later, and well after the justice court's plenary power had expired,[1] O'Heeron filed a motion to set aside the default judgment in his favor.[2] Nutty Brown responded that the justice court lacked jurisdiction to act because its plenary power had expired. The justice court nevertheless acted and denied O'Heeron's motion.

O'Heeron appealed to the county court for a trial de novo.[3] Nutty Brown again pointed out that the justice court's plenary power over the default judgment had expired. Therefore, the denial of O'Heeron's untimely motion to set aside did

---

[1] *See* TEX. R. CIV. P. 507.1.

[2] O'Heeron claimed that Harris County was not the proper venue for his suit and that the matter was jurisdictional. According to O'Heeron, the justice court should have set aside his default judgment and allowed him to seek relief again in another county. *But see Six Bros. Concrete Pumping, LLC v. Tex. Workforce Comm'n*, 679 S.W.3d 746, 750 (Tex. App.—Houston [1st Dist.] 2023, pet. denied) (filing suit in improper venue does not deprive court of jurisdiction).

[3] *See* TEX. R. CIV. P. 506.1, 506.3.

not extend the appellate timetable or reactivate jurisdiction over the case in the county court.

O'Heeron then moved to dismiss his appeal in county court "without prejudice." And he asked the county court to sign an order allowing him to "seek relief in the proper venue of Hays County." After conducting a hearing, the county court concluded that it lacked jurisdiction and that the untimeliness of O'Heeron's appeal could not be remedied, and it dismissed O'Heeron's appeal "with prejudice."

On appeal, O'Heeron does not challenge the county court's dismissal for lack of jurisdiction. Rather, he complains that the dismissal should have been "without prejudice." Before we can address that issue, we first must determine as a threshold matter whether we have subject-matter jurisdiction over this appeal.

## Subject Matter Jurisdiction

### A.    Standard of Review and Legal Principles

"[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). And we have authority to do so sua sponte. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *see Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012).

3

Because our jurisdiction extends no further than that of the court from which an appeal is taken, the determination of whether the underlying county court had jurisdiction necessarily impacts our jurisdiction. *See Adams v. Ross*, No. 01-11-00098-CV, 2013 WL 1183297, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. denied) (mem. op.). "If the county court lacked jurisdiction, this Court only has jurisdiction to set the judgment aside and dismiss the cause in the county court." *Id*.

Further, when sitting as an appellate court for a trial de novo, a county court's jurisdiction is derivative of the justice court's jurisdiction. *Villalon v. Bank One*, 176 S.W.3d 66, 69 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). "[T]he county court has no jurisdiction over an appeal unless the justice court had jurisdiction." *Id.*

## B. Discussion

Here, the domino-effect of these jurisdictional principles is on full display. After the justice court signed the default judgment in favor of O'Heeron, he did not *timely* file any post-judgment motions. *See* TEX. R. CIV. P. 505.3.[4] And he did not *timely* perfect an appeal to the county court. *See id.* 506.1.[5] As a result, the justice court's plenary power expired 21 days after the default judgment was signed. *See id.*

---

[4] Post-judgment motions—including a motion to set aside a default judgment—must be filed within 14 days after the judgment is signed. *See* TEX. R. CIV. P. 505.3.

[5] A justice court's judgment may be appealed to a county court by filing a bond, or substitute, "within 21 days after the judgment is signed or the [post-judgment motion], if any, is denied." *Id.* 506.1.

507.1.[6] Once a trial court's plenary power expires, the court lacks jurisdiction to act and any orders it issues are void. *Akinwamide v. Transp. Ins. Co.*, 499 S.W.3d 511, 520 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

O'Heeron's untimely post-judgment motion (by nearly three years) did not revive the justice court's plenary power or extend the expired appellate deadlines. *See Penny v. Shell Oil Prods. Co.*, 363 S.W.3d 694, 697 (Tex. App.—Houston [1st Dist.] 2011, no pet.).[7] Thus, the justice court lacked jurisdiction to act. *See Schroeder v. LND Mgmt., LLC*, 446 S.W.3d 94, 97 (Tex. App.—Houston [1st Dist.] 2014, no pet.). And its order denying O'Heeron's untimely motion to set aside was therefore a nullity. *See Guerrero v. Cardenas*, No. 01-20-00045-CV, 2022 WL 210152, at *4 (Tex. App.—Houston [1st Dist.] Jan. 25, 2022, pet. denied) (mem. op.) ("An order entered by a court without plenary power, and thus without jurisdiction to act, is void.").

O'Heeron's attempted appeal of that order to the county court was therefore also a nullity.[8] Stated differently, because the justice court lacked plenary power to

---

[6] "A justice court loses plenary power over a case when an appeal is perfected or if no appeal is perfected, 21 days after the later of the date judgment is signed or the date a [post-judgment motion], if any, is denied." *Id.* 507.1.

[7] *See also Wilmer–Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294–95 (Tex. 2001) ("A party cannot by his own conduct confer jurisdiction on a court when none exists otherwise.").

[8] O'Heeron's notice of appeal to the county court stated that a "Bill of Review is being filed contemporaneously with this Notice of Appeal." O'Heeron, however,

sign the order that denied O'Heeron's motion to set aside, the county court also lacked appellate jurisdiction to review it. *See Villalon*, 176 S.W.3d at 69.[9] And that in turn implicates our appellate jurisdiction.

Under these circumstances, we have jurisdiction only to vacate the county court's orders and dismiss the appeal.[10] *See Adams*, 2013 WL 1183297, at *2.

---

later explained to the county court that he had dismissed it. "Once the time for direct attack by appeal has elapsed, a bill of review in the court rendering the judgment is the exclusive remedy to attack the judgment." *Cottone v. Cottone*, 122 S.W.3d 211, 213 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

[9] "[A]n order denying a post-judgment motion does not exist separate[ly] from the underlying . . . judgment, and is not independently appealable." *Wilson v. Avendano*, No. 01-21-00631-CV, 2021 WL 5903920, at *1 (Tex. App.—Houston [1st Dist.] Dec. 14, 2021, no pet.) (mem. op.).

[10] O'Heeron's complaint about the county court's order dismissing his appeal "with prejudice" is therefore moot due to this jurisdictional bar. *See Ruffin v. Tri Cnty. Auto Salvage*, No. 01-23-00586-CV, 2024 WL 3446944, at *3 (Tex. App.—Houston [1st Dist.] July 18, 2024, pet. denied) (mem. op.); *Villalon v. Bank One*, 176 S.W.3d 66, 69 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

**Conclusion**

We therefore vacate the county court's void post-judgment orders and dismiss the appeal for lack of jurisdiction.[11]

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

---

[11] Because the county court never acquired jurisdiction—because plenary power over the case had already expired in the justice court—the justice court's default judgment remains in effect. *E.g*, *Ruffin*, 2024 WL 3446944, at *3 & n.2; *Mahon v. Spaulding*, No. 14-18-00383-CV, 2019 WL 1291309, at *2 (Tex. App.—Houston [14th Dist.] Mar. 21, 2019, no pet.) (mem. op.) ("Because the [county court's] void judgment has no effect, the judgment signed by the justice court . . . remains in effect."); *see also, e.g*, *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012) (default judgment establishes liability).