Opinion issued August 18, 2020



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-01060-CV

————————————

**LAVERNE NATALIE DAILEY, INDEPENDENT EXECUTRIX OF THE ESTATE OF RUTH CARTER CARROLL, DECEASED, Appellant**

**V.**

**ALMA MCAFEE, INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF CARL M. CARROLL, JR., DECEASED AND ROBERT MAE MCAFEE, DECEASED, FORMER INDEPENDENT EXECUTRIX OF THE ESTATE OF CARL M. CARROLL, JR., DECEASED, Appellees**

---

**On Appeal from Probate Court No. 2**
**Harris County, Texas**
**Trial Court Case No. 297,526-402**

---

## MEMORANDUM OPINION

Appellant Laverne Natalie Dailey, Independent Executrix of the Estate of

Ruth Carter Carroll, Deceased ("Dailey"), is appealing the probate court's granting

of the petition for bill of review filed by appellees Alma McAfee, Independent Administratrix of the Estate of Carl M. Carroll, Jr., Deceased and Robert Mae McAfee, Deceased, former Independent Executrix of the Estate of Carl M. Carroll, Jr., Deceased ("McAfee" or "Alma McAfee"). In four issues, Dailey argues that (1) the probate court did not have subject matter jurisdiction over McAfee's bill of review proceeding because McAfee did not have standing to bring an equitable bill of review challenging the default declaratory judgment rendered in Dailey's favor, (2) the probate court erred by concluding that it did not have subject matter jurisdiction over the declaratory judgment action and granting the bill of review on that basis, (3) the trial court erred by not conducting a trial on the merits before granting the bill of review, and (4) McAfee did not meet the mandatory elements to be entitled to the granting of an equitable bill of review.[1] We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

## Background

On June 21, 1983, Carl M. Carroll, Jr. (Carl) and Ruth Carter Carroll (Ruth) were divorced in Cause Number 1982-29693; *In the Matter of the Marriage of Ruth Natalie Carter Carroll and Carl M. Carroll, Jr.*, in the 257th Judicial District Court of Harris County, Texas. Two days later, on June 23, 1983, Carl and Ruth signed a Settlement Agreement.

---

[1] We have reorganized Dailey's issues and will address them in this order.

2

The divorce decree awards Ruth:

**500 shares of stock in C&RC-53, Inc., which she will exchange for 1,000 shares of stock in C&RC-23, Inc., which is now owned by C&RC-53, Inc., and which will be spun off from C&RC-53, Inc., and will at that time contain the following assets (which are presently in C&RC-53, Inc.): Its one-third undivided interest in a 158.7975 acre tract or parcel of land lying and being situated in the A. R. Stephens, A-102, Survey of Washington County, Texas, being the same land previously conveyed to C&RC-53, Inc., by Ruth Natalie Carter Carroll on or about September ___, 1979, which conveyance will convey all land and all mineral interests now held by C&RC-53, Inc., and also one-half of any cash remaining in the bank account of C&RC-53, Inc., after all current expenses and taxes are paid. These expenses include but are not limited to attorney's fees, accountant's fees, and taxes. [Carl] is hereby ORDERED as President of C&RC-53, Inc., to execute all necessary division orders, transfers, deeds, and checks necessary to affect the transfer of the above assets of C&RC-53, Inc. to C&RC-23, Inc. [Ruth] will then surrender her 500 shares in C&RC-53, Inc., to C&RC-53, Inc., and _____ shall receive 1,000 shares of C&RC-23, Inc., which shares will then become the sole and separate property of [Ruth].

The divorce decree awards Carl: "500 shares of stock in C&RC-53, Inc., subject to the spinoff of certain of its assets into its wholly owned subsidiary C&RC-23, Inc., as outlined in Respondent's award of properties."

Paragraph 7 of the Settlement Agreement states:

As for C & RC 53, [Carl] as President of said corporation shall draft and send within seven (7) days: but no later than the morning of June 30, 1993 a division order to all lessees and persons who currently pay royalties on oil property to C & RC 53 directing them to send as of July l, 1983 to send all future royalty checks to C & RC 23, Inc. care of Ms. Ruth Carroll . . . .

Carl died on September 25, 1997. His estate was probated in Probate Court No. 2, Harris County, Texas, in Cause No. 297,526. Carl named his sister Robert

3

Mae McAfee ("Ms. McAfee") as the independent administrator of his estate. On January 22, 1999, Ms. McAfee filed an inventory that listed C & RC-53, Inc. as Carl's separate property and an asset of his estate.

Ruth died on February 23, 2011. Her estate was probated in Probate Court No. 4, Harris County, Texas, in Cause Number 414,113. Laverne Natalie Dailey is the independent executrix of Ruth's estate. The record does not contain an inventory of Ruth's estate.

Dailey alleges that WCS Oil and Gas Company ("WCS") began holding in suspense overriding royalty proceeds derivative from leases held in the name of C & RC-53, Inc. in 1996 because the term "overriding royalties" was not used in the divorce decree and related agreement.

## A.    Declaratory Judgments

On June 10, 2014, Dailey, as independent executrix of Ruth's estate, filed a petition for declaratory judgment in Probate Court No. 2, of Harris County, Texas. In her petition for declaratory judgment, Dailey stated:

> On June 24, 1983, Carl M. Carroll, Jr. and Ruth Natalie Carter Carroll entered into a Settlement Agreement incident to ongoing divorce proceedings to award real property, oil property royalties, and all leases to Ruth Natalie Carter Carroll concerning the property held by C & RC 53, Inc. The terms of the agreement were previously incorporated by a Decree of Divorce signed by the 257th Judicial District Court of Harris County, Texas on June 21, 1983.
>
> It is the contention of the Plaintiff that [Carl failed to] abide[] by the terms of the Decree of Divorce and Settlement Agreement and never

4

transferred ownership of the real property in question and continued to receive royalty payments until the time of his death. [Carl's estate] listed the said real property in its inventory and has continued to receive royalty payments to this date. The above referenced conduct of [Carl] and his estate constitute fraud and conversion. Moreover, the Estate of Ruth Natalie Carter Carroll, Deceased did not discover said conduct until it was informed of a potential dispute by correspondence from WCS Oil & Gas Corporation on July 6, 2012.

Dailey asked the probate court to declare that "all real property, royalties and leases held by C & RC 53, Inc. belong to the Estate of Ruth Natalie Carter Carroll, Deceased and that said property was never part of the Estate of Carl M. Carroll, Jr., Deceased, pursuant to the Decree of Divorce and Settlement Agreement." According to Dailey, she had made multiple demands to WCS for payment of the overriding royalties, but WCS had refused because "it believed confusion existed respecting the proper ownership of the overriding royalty interests."

Ms. McAfee, the independent administratrix of Carl's estate was served with citation on August 11, 2014. Ms. McAfee was over 90 years old at the time and had been diagnosed with dementia and diastolic heart failure in March 2012. She did not enter an appearance or file an answer in the declaratory judgment action.

On December 15, 2014, Probate Court No. 3 of Harris County, Texas appointed Ms. McAfee's daughter, Alma McAfee, as her permanent guardian in Cause Number 419,773.

Because Ms. McAfee had not responded or filed an answer, Dailey filed a motion for default judgment on March 19, 2015. After a hearing on the motion, the

5

probate court issued a "Final Declaratory Judgment" on March 31, 2015, in which it decreed that "all real property, royalties and leases held in the name of C & RC-53, Inc. belong to the Estate of Ruth Carter Carroll, Deceased and that said property was never part of the Estate of Carl M. Carroll, Jr., Deceased, pursuant to the Decree of Divorce and Settlement Agreement."

In November 2015, Dailey filed another petition for declaratory judgment in Probate Court No. 4 naming WCS as the defendant and asking the court to declare that the "real property, royalties and leases held by C&RC 53, Inc. belong to the Estate of Ruth Natalie Carter Carroll, Deceased and that [WCS] be ordered to pay said royalties, of whatever kind, to the Estate of Ruth Natalie Carroll, Deceased." In response, WCS filed a counter-petition for declaratory judgment naming Ms. McAfee and a beneficiary of Carl's estate as cross-defendants.[2]

**B. Bill of Review**

McAfee was appointed dependent administratrix of Carl's estate on August 10, 2016 and qualified on August 16, 2016. McAfee filed a bill of review in Probate Court No. 2 on August 23, 2018, in her capacity as independent administratrix, seeking to set aside the March 2015 default declaratory judgment. Among other grounds, McAfee argued that the judgment was void and should be set aside because the probate court did not have subject matter jurisdiction.

---

[2] That suit has been abated pending resolution of the present appeal.

The probate court held a status conference on November 13, 2018.

Although he had notice of the status conference, Dailey's counsel did not attend. At the conference, McAfee's counsel asked the court to enter a docket control order setting a trial date for the bill of review. Rather than setting a trial date, however, the court inquired about the underlying facts and focused the discussion on whether the court had jurisdiction over the declaratory judgment action being challenged by the bill of review. The court advised McAfee that the family court needed to determine who was entitled to the royalties under the divorce decree and informed McAfee, "The money is still being protected. If you want me to sign an order granting a Bill of Review just so you don't have to worry about it, I'll do that." McAfee's counsel informed the court that she was not asking the court to sign an order that day and inquired whether the court had concurrent jurisdiction with the district court that rendered the divorce decree. The court responded:

> Well, I do have concurrent jurisdiction with the District Court if it's a suit appertaining or incident to an estate in my Court.[3] But I'm not sure that I could say that something that happened 40 years ago is appertaining or incident to an estate in my court.

---

[3] The probate court was apparently referring to former section 5(f) or 5(h) of the Probate Code which were repealed in 2011. Under section 5(f), "All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate." TEX. PROBATE CODE §5(f) (repealed 2011). Section 5(h) stated: "A statutory probate court has jurisdiction over any matter appertaining to an estate or incident to an estate and has jurisdiction over any cause of action in which a personal representative of an estate pending in the statutory probate court is a party." *Id.* 5(h) (repealed 2011).

When the attorney informed the trial court that McAfee had asserted other meritorious defenses in addition to her jurisdictional argument, e.g., laches, the court stated:

> If you think I've got jurisdiction and you want to prepare an order and I'll sign it, we will see if anybody complains. But really, you need to get the two estates to agree on what was intended. If they won't, then I'll sign an order. But I don't really have jurisdiction, I don't think, because it's not appertaining or incident to an estate in my court. It happened while the person was alive. There was nothing involving probate court. Do you see what I mean?

On November 19, 2018, the Court signed the "Order on Bill of Review":

> Upon review of the pleadings in this cause, the Court finds that the Bill of Review raises the question of the Court's jurisdiction to grant the Declaratory Judgment. After considering the jurisdiction issue the Court finds that the Court did not have the authority to grant the Final Declaratory Judgment and that the Bill of Review should be granted.
>
> THEREFORE, it is ORDERED that the Bill of Review is GRANTED.
>
> It is further ORDERED that the Final Declaratory Judgment is NULL and VOID and will not have any force or effect.

Dailey is appealing the order granting the bill of review.

## Subject Matter Jurisdiction over Bill of Review

In her first issue, Dailey argues that the probate court did not have subject matter jurisdiction over McAfee's bill of review proceeding because McAfee did not have standing to bring an equitable bill of review. According to Dailey, McAfee did not have standing to bring the bill of review because the "real property, royalties and leases" at issue in this case "were divested from [Carl] long before he died, as to C

8

& RC 23, Inc. and C & RC 53, Inc. Those particular gifts no longer existed as a matter of law and [McAfee] has not suffered any injury and there is no controversy among the parties to be adjudicated by the trial court as to the property." Dailey's argument, however, is based on the flawed premise that McAfee's petition amounts to a collateral attack on the "property distribution" set forth by the 1983 divorce decree and settlement agreement. It does not. McAfee is challenging the default judgment that adjudicated the ownership of this property in her absence and by default.

Standing, like other issues implicating a court's subject matter jurisdiction, is a question of law that we review de novo. *See In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). "A judgment rendered without subject-matter jurisdiction is void and subject to collateral attack." *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017). Standing requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 154 (Tex. 2012). Generally, to have standing (1) the plaintiff must be personally injured; (2) the plaintiff's injury must be fairly traceable to the defendant's conduct; and (3) the plaintiff's injury must be likely to be redressed by the requested relief. *See id.* at 154–55. A standing inquiry requires a careful examination of the allegations in the petition to determine whether the particular plaintiff is entitled to an adjudication of the particular claims asserted. *Id.*

at 156. "A plaintiff does not lack standing simply because he cannot prevail on the merits of his claim." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 305 (Tex. 2008).

Dailey alleged in her petition for declaratory judgment that Ruth had been awarded all real property, royalties, and leases held by C & RC 53. She further alleged that Carl, who never transferred the real property, royalty interests, and leases held by C & RC 53, as required by the divorce decree and settlement agreement, collected the royalty payments. According to Dailey, Carl's estate "continued to receive royalty payments to this date."

The record reflects that the inventory of Carl's estate lists C & RC 53, Inc. as Carl's separate property and states that "[t]he oil and gas ownership" and a parcel of real property located in Lavaca County were held in the name of C & RC 53, Inc. The inventory also lists the Lavaca County property, and oil and gas ownership interests derivative of a property in Washington County, as real property belonging to Carl's estate. The effect of the default declaratory judgment was to remove C & RC 53, Inc. and its assets from Carl's estate and award them to Ruth's estate. Thus, the record reflects that Carl's estate was injured, i.e., lost assets, as a result of the Dailey's declaratory judgment action and that Carl's estate's injury is fairly traceable to Dailey's conduct. *See Heckman*, 369 S.W.3d at 154. This injury is also likely to be redressed by the requested relief, i.e., voiding the default judgment that removed

10

the assets from the estate. *See id.*; *see generally Ford Motor Co. v. Cammack*, 999 S.W.2d 1, 4 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (stating personal representatives of decedent's estate is entitled to recover estate property).

Accordingly, we hold that McAfee, as the dependent administratrix of Carl's estate, had standing to bring the bill of review challenging the default declaratory judgment. We overrule Dailey's first issue.

**Subject Matter Jurisdiction over Declaratory Judgment Proceeding**

In her second issue, Dailey argues that the probate court erred by concluding that it did not have subject matter jurisdiction over her declaratory judgment action and granting the bill of review on this basis.

McAfee argues that the judgment is void because the probate court did not have subject matter jurisdiction over the declaratory judgment action. A trial court's prior judgment is void if the record demonstrates that the court lacked subject-matter jurisdiction over the suit. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012). Although the judgment is presumed valid, the presumption disappears when the record establishes a jurisdictional defect. *Id.* Courts may look beyond the face of the judgment at issue to determine whether the record affirmatively demonstrates that the trial court lacked subject matter jurisdiction. *Id.* A party claiming that a judgment is void because the trial court lacked jurisdictional power to render it is

11

not required to prove the elements of a bill of review. *Narvaez v. Maldonado*, 127 S.W.3d 313, 317 (Tex. App.—Austin 2004, no pet.).

Here, McAfee argues that the judgment is void because the district court that rendered the divorce decree has exclusive jurisdiction over post-divorce actions pursuant to section 9 of the Family Code and, therefore, probate courts do not have jurisdiction to interpret divorce decrees or divide marital property in post-divorce proceedings.

Statutory probate courts are courts of limited jurisdiction. *See Stauffer v. Nicholson*, 438 S.W.3d 205, 213 (Tex. App.—Dallas 2014, no pet.) (citing *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 302–03 (Tex. 2010)) (contrasting limited jurisdiction of statutory probate courts with general jurisdiction of district courts); *see also Narvaez v. Powell*, 564 S.W.3d 49, 54 (Tex. App.—El Paso 2018, pet. denied). Dailey argues that the probate court had jurisdiction over her declaratory judgment action pursuant to Chapter 32 of the Texas Estates Code. *See* Tex. Est. Code §§ 32.001(b), 32.005(a), 32.007(4). Section 32.001(b) grants a probate court "pendent and ancillary jurisdiction as necessary to promote judicial efficiency and economy." *Id.* § 32.001(b). In order for a probate court to assert jurisdiction over matters incident to an estate, a probate proceeding must already be pending in the probate court. *See Narvaez*, 564 S.W.3d at 57–58 (stating "probate courts exercise their ancillary or pendent jurisdiction over non-probate matters only

12

when doing so will aid in the efficient administration of an estate pending in the probate court") (citing *Shell Cortez Pipeline Co. v. Shores*, 127 S.W.3d 286, 294-95 (Tex. App.—Fort Worth 2004, no pet.)). We note that McAfee does not dispute that Carl's probate proceeding was pending when Dailey filed her petition for declaratory judgment in June 2014. We further note that if Carl's probate proceeding was closed when Dailey filed her petition for declaratory judgment, the probate court would not have had jurisdiction to hear the petition. *See Narvaez*, 564 S.W.3d at 57–58. There is nothing in the appellate record, however, that reflects the status of the probate proceeding when the petition was filed. *See PNS Stores, Inc.*, 379 S.W.3d at 273 (stating trial court's prior judgment is void and subject to collateral attack if record affirmatively demonstrates that court lacked subject matter jurisdiction over suit). Because the appellate record does not demonstrate that the probate proceeding was closed when Dailey filed her petition, we must presume that the default declaratory judgment is valid. *See id.* (stating courts presume that judgment being collaterally attacked is valid unless record establishes jurisdictional defect, effectively rebutting presumption).

The question before us now is whether the district court that rendered the divorce decree has exclusive jurisdiction over post-divorce actions pursuant to section 9 of the Family Code, thereby depriving the probate court of subject matter

13

jurisdiction that it would have otherwise had to hear the declaratory judgment petition.

A final, unambiguous divorce decree that disposes of all marital property bars relitigation. *Pearson v. Fillingim*, 332 S.W.3d 361, 364 (Tex. 2011). Unlike other types of final judgments, however, section 9 of the Texas Family Code provides a mechanism for seeking limited review of final divorce decrees. Specifically, the trial court that renders a divorce decree "retains the power" to enforce the property division in the decree or in an agreement incident to divorce that was approved by the court. TEX. FAM. CODE § 9.002; *Pearson*, 332 S.W.3d at 363. The court may enforce the division of property made or approved in the divorce decree by rendering further orders "to assist in the implementation of or to clarify the prior order." TEX. FAM. CODE § 9.006(a). It may also "specify more precisely the manner of effecting the property division previously made or approved if the substantive division of property is not altered or changed." *Id.* § 9.006(b).

Section 9, however, does not make the district court rendering the divorce decree a court of exclusive jurisdiction over post-divorce actions to construe or enforce contract rights acquired under the decree. *See Chavez v. McNeely*, 287 S.W.3d 840, 844–85 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

In *Chavez*, this Court held that a district court in another county, which was not the court that rendered the decree, possessed jurisdiction over a post-divorce

14

action to construe and enforce a party's contract rights to property as set forth in the terms of the divorce decree. *See id.* We further held that Family Code section 9.001(a) is permissive in nature, that the language of sections 9.001 and 9.002 does not indicate that the Legislature intended to make the district court rendering the divorce decree a court of exclusive jurisdiction over post-divorce actions to enforce contract rights acquired under the decree, and that breach of contract actions that rely on the decree invoke a district court's powers of general jurisdiction to decide a dispute. *Id.* at 844–45; *see generally In re Sims*, 88 S.W.3d 297, 302–03 (Tex. App.—San Antonio 2002, orig. proceeding) (considering whether county court in which application to probate husband's last will and testament was filed, or trial court that rendered divorce, both of which had concurrent jurisdiction over wife's first-filed claim to enforce divorce decree, had dominant jurisdiction over claim).

Accordingly, the district court that rendered the decree does not have exclusive jurisdiction over the declaratory judgment action that Dailey filed to construe the decree and related settlement agreement, and, therefore, the probate court was not prohibited from exercising its pendent and ancillary jurisdiction in this case. *See* TEX. EST. CODE § 32.001(b). Accordingly, the probate court erred by granting the bill of review based on jurisdiction. We sustain Dailey's second issue.

However, when findings of fact and conclusions of law are not requested or filed, as in this case, we must affirm granting of a bill of review "if it is correct on

15

any legal theory supported by the evidence." *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Therefore, we will address Dailey's third and fourth issues challenging the propriety of granting the bill of review.

## Bill of Review

In her third and fourth issues, Dailey argues that the trial court erred by not conducting a trial on the merits before granting the bill of review and that McAfee did not meet the mandatory elements to be entitled to the granting of an equitable bill of review.

A bill of review is an equitable cause of action brought by a party to a former action seeking to set aside a judgment which is not void on the face of the record and is no longer appealable or subject to challenge by a motion for new trial or appeal.[4] *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). It is a separate and independent suit, brought in the same court that entered the judgment being attacked under a different

---

[4] Dailey argues that the trial court erred by granting the bill of review because it was filed in the same cause number as the declaratory judgment. *See In re Thompson*, 569 S.W.3d 169, 174–75 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding) (holding motion did not qualify as bill of review because it was not filed within four-year statute of limitations for bill of review, was not labeled as bill of review, did not otherwise meet requirements of bill of review, and was filed in same cause number as underlying case). Unlike in *In re Thompson*, however, McAfee's filing was labeled as a bill of review, timely filed, and otherwise met the requirements for a bill of review. *See generally id.* at 174. We decline to overrule the trial court's granting of the bill of review based solely on this technicality. *See Blankenship v. Robins*, 878 S.W.2d 138, 139 (Tex. 1994) (stating "the decisions of the courts of appeals [should] turn on substance rather than procedural technicality").

cause number. *See In re Thompson*, 569 S.W.3d 169, 173–74 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding).

Generally, to set aside a judgment by bill of review, the petitioner must plead and prove the following: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident, or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own. *Caldwell*, 975 S.W.2d at 537; *King Ranch, Inc.*, 118 S.W.3d at 751–52. Courts generally use a two-step inquiry when deciding a bill of review as set forth in *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex. 1979). *See Beck v. Beck*, 771 S.W.2d 141, 141–42 (Tex. 1989); *see also Ramsey v. State*, 249 S.W.3d 568, 576 (Tex. App.—Waco 2008, no pet.) ("The *Baker* pretrial hearing is a 'suggested procedure' which a trial court may choose not to employ."). The court should first determine as a pretrial matter whether the petitioner presented prima facie proof of a meritorious defense. *Baker*, 582 S.W.2d at 408–09; *see also Beck*, 771 S.W.2d at 141–42. If the petitioner does not establish prima facie proof, the court should dismiss the case. *Baker*, 582 S.W.2d at 409; *Beck*, 771 S.W.2d at 142. If, however, the petitioner does establish prima facie proof, then the court should proceed with a trial on the merits of the petition. *Baker*, 582 S.W.2d at 409;[5] *Beck*, 771 S.W.2d at 142.

---

[5] It is not necessary, despite this two-step inquiry, for the trial court to conduct a separate hearing in determining whether the petitioner has presented prima facie proof of a meritorious defense. *Boateng v. Trailblazer Health Enters., L.L.C.*, 171

If, however, the bill of review plaintiff alleges that judgment was rendered without proper notice, she is relieved from showing the first and second elements, i.e., that she has a meritorious defense that she was prevented from making by the fraud, accident, or wrongful act of her opponent. *See Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 85 (1988)). The plaintiff must still prove the third element, that "judgment was rendered unmixed with any fault or negligence" on her part. *See Caldwell*, 154 S.W.3d at 97. When a plaintiff seeks a bill of review based solely on a claim of non-service, the trial court will employ a slightly different bill of review procedure than the one set forth in *Baker*. *Id.* In the face of a claim of non-service, the trial court should: (1) dispense with any pretrial inquiry into a meritorious defense, (2) hold a trial, at which the bill of review plaintiff assumes the burden of proving that the plaintiff was not served with process, thereby conclusively establishing a lack of fault or negligence in allowing a default judgment to be rendered, and (3) conditioned upon an affirmative finding that the plaintiff was not served, allow the parties to revert to their original status as plaintiff and defendant with the burden on the original plaintiff to prove his or her case. *Id.* at 97–98. We review a trial court's ruling on a bill of review for an abuse of discretion. *Davis*, 227 S.W.3d at 302.

---

S.W.3d 481, 488 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *Ortmann v. Ortmann*, 999 S.W.2d 85, 88 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

Here, the record reflects that the probate court did not comply with either bill-of-review procedure. *See Baker*, 582 S.W.2d at 409; *Caldwell*, 154 S.W.3d at 97–98. Instead, the probate court discussed the factual basis of the bill of review with McAfee's counsel during a status conference that Dailey's counsel did not attend. During that status conference, the probate court determined that the default declaratory judgment that it had previously entered was void because it did not have jurisdiction to hear the case, and the court granted the bill of review on that basis. As previously discussed, the probate court's decision to grant the bill of review on this ground was erroneous because, based on the record before us, the probate court had jurisdiction to hear the declaratory judgment petition.

In addition to her jurisdictional argument, McAfee also alleged that the default judgment should be set aside by a bill of review because: (1) Carl's estate had a meritorious defense to the declaratory judgment action, e.g., failure of service, statute of limitations, and laches,[6] (2) McAfee was prevented from presenting a defense by Dailey, who served the petition on Ms. McAfee, Dailey's elderly aunt, even though Dailey knew or should have known that Ms. McAfee was incapacitated and would be unable to respond on behalf of the estate, and (3) unmixed with any

---

[6] McAfee also alleged that the trial court's lack of subject matter jurisdiction over the declaratory judgment action was one of her meritorious defenses.

fault or negligence on McAfee/Carl's estate's part. *See Caldwell*, 975 S.W.2d at 537; *King Ranch, Inc.*, 118 S.W.3d at 751–52.

It is apparent from the hearing transcript that the trial court neither considered whether McAfee had established prima facie proof for one of her other meritorious defenses, e.g., laches and statute of limitations, or her argument that the bill of review should be granted based on lack of service, nor received evidence on those issues. In the absence of any evidence supporting McAfee's bill of review, we conclude that the trial court abused its discretion by granting the bill of review. *See Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012) (stating trial court abuses its discretion by ruling without supporting evidence).

We sustain Dailey's third issue.[7]

## Conclusion

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.


Russell Lloyd
Justice


Panel consists of Justices Lloyd, Kelly, and Countiss.

---

[7] Based on our resolution of Dailey's third issue, we do not need to address the remaining issue.