Harvey Brown, Justice
Relators, Charles and Cindy Thompson, have filed a petition for writ of mandamus challenging the denial of their motion to dismiss real party in interest's motion to set aside a default judgment signed in the underling case over ten years earlier.[1] Because the trial court lacked plenary power to consider a motion to vacate the default judgment, we conditionally grant the writ.
Background
Charles and Cindy Thompson purchased real property at a tax sale based on a default tax judgment signed in 2005. In 2016, Mae Landry, a purported heir of one of the defendants in the default judgment for unpaid taxes, filed a "Motion to Set Aside Default Judgment" in the same case and under the original cause number, claiming that neither the defendants nor their heirs or assigns received notice of the tax suit. Because the Thompsons were not parties to the underlying tax suit, they intervened to protect their title to the property obtained by the sale. The Thompsons filed a motion to dismiss for want of jurisdiction, arguing that (1) the trial court lacked plenary power to alter its final default judgment issued over ten years earlier and (2) Landry's motion to set aside the default judgment does not confer jurisdiction.
After conducting an evidentiary hearing, the trial court denied the Thompsons' motion to dismiss, concluding that it had authority to decide the motion to set aside the default judgment.[2] In denying the motion to dismiss, the trial court found that "the default judgment was void and subject to collateral attack." The Thompsons filed a petition for writ of mandamus challenging the denial of their motion.
Standard of Review
Mandamus relief is available when a relator demonstrates both that (1) the trial court clearly abused its discretion or violated a duty imposed by law and (2)
*172 there is no adequate remedy by way of appeal. In re Ford Motor Co. , 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); Walker v. Packer , 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Mandamus relief is proper when the trial court issues a void order, and, in that circumstance, the relator need not demonstrate the lack of an adequate remedy by appeal. See In re Sw. Bell Tel. Co. , 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); In re Flores , 111 S.W.3d 817, 818 (Tex. App.-Houston [1st Dist.] 2003, orig. proceeding).
Landry's Motion to Dismiss the Mandamus Petition
Landry has filed a motion to dismiss the mandamus petition on the basis that the record provided by the Thompsons was inadequate because it failed to include exhibits introduced at the evidentiary hearing. We deny Landry's motion to dismiss because (1) Landry's argument that the record is inadequate to support mandamus relief pertains to the merits of the petition and is not a basis for dismissal and (2) the Thompsons subsequently filed the hearing exhibits. Accordingly, we consider the merits of the mandamus petition below.
The Trial Court Lacked Jurisdiction
The Thompsons' petition for writ of mandamus challenges the denial of their motion to dismiss and requests that we compel the trial court to dismiss the underlying proceedings for lack of jurisdiction. The Thompsons assert that the trial court abused its discretion in denying their motion to dismiss because Landry's motion to set aside the default judgment was filed after the trial court lost plenary power and did not confer jurisdiction on the trial court. We agree that the trial court lacked jurisdiction over the motion to set aside and, therefore, was required to dismiss that motion for lack of jurisdiction.
A. Options to challenge the judgment
Landry's motion to set aside the default judgment complained that the judgment is void because she was not served with process. A judgment may be challenged as void through a direct attack or a collateral attack. See PNS Stores, Inc. v. Rivera , 379 S.W.3d 267, 271 (Tex. 2012). "A direct attack-such as an appeal, a motion for new trial, or a bill of review-attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition." Id. A direct attack may take the form of either (1) a pleading filed under the original cause number while the trial court has plenary power or (2) after the trial court loses plenary power, a pleading filed under a new cause number that qualifies as a bill of review and is filed within four years of the judgment. See ids="7118797" index="6" url="https://cite.case.law/sw3d/379/267/#p271">id. at 275. After the time to bring a direct attack has expired, a litigant may only attack a judgment collaterally. Id. at 271. A collateral attack is accomplished through initiating a new case under a different cause number that challenges the effect of the original judgment. See Travelers Ins. Co. v. Joachim , 315 S.W.3d 860, 863 (Tex. 2010) ("A void order is subject to collateral attack in a new lawsuit").
Landry's motion to set aside default judgment was filed in the original suit using the original cause number and more than ten years after the judgment.
B. Landry's motion was not a direct attack filed within the trial court's plenary power
Trial courts retain plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment for thirty days after the signing of a final judgment. TEX. R. CIV. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a *173 new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."); see Lane Bank Equip. Co. v. Smith S. Equip., Inc. , 10 S.W.3d 308, 310 (Tex. 2000). During this period of time, the trial court's plenary power may be extended by the timely filing of an appropriate post-judgment motion, such as a motion for new trial or a motion to modify, correct, or reform the judgment. See TEX. R. CIV. P. 329b(e), (g) ; Lane Bank Equip. Co. , 10 S.W.3d at 310. The filing of an appropriate post-trial motion in the same case within the 30-day period extends the trial court's plenary power over its judgment up to an additional seventy-five days. TEX. R. CIV. P. 329b(c) ; see Lane Bank Equip. Co. , 10 S.W.3d at 310. The court's plenary power over a final judgment may not be extended more than 105 days after the judgment was signed. See ids="11476629" index="12" url="https://cite.case.law/sw3d/10/308/#p310">id. A judgment or order rendered in the case after plenary power has expired is void. In re Brookshire Grocery Co. , 250 S.W.3d 66, 68-69 (Tex. 2008) (orig. proceeding); In re Sw. Bell Tel. Co. , 35 S.W.3d at 605.
Because the default judgment in the underlying case was signed in May 2005, the trial court's plenary power expired over ten years before Landry filed her motion to set aside the default judgment. This method of directly attacking the earlier judgment in the underlying case was no longer available to Landry.
C. Landry's motion was not a qualifying bill of review form of direct attack either
Once plenary power has expired, a judgment generally cannot be set aside by the trial court in a direct attack except by a bill of review. TEX. R. CIV. P. 329b(f) ; see Cottone v. Cottone , 122 S.W.3d 211, 213 (Tex. App.-Houston [1st Dist.] 2003, no pet.) ("Once the time for direct attack by appeal has elapsed, a bill of review in the court rendering the judgment is the exclusive remedy to attack the judgment.").
Under Rule 329b(f), after a trial court's plenary power has expired, a bill of review is the exclusive remedy by which a court may, in a direct attack, set aside a final judgment rendered by a trial court that had "jurisdictional power" to render the judgment. See Middleton v. Murff , 689 S.W.2d 212, 213 (Tex. 1985) ; Deen v. Kirk , 508 S.W.2d 70, 72 (Tex. 1974) ; McEwen v. Harrison , 162 Tex. 125, 345 S.W.2d 706, 710 (1961).[3]
A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. Wembley Inv. Co. v. Herrera , 11 S.W.3d 924, 926-27 (Tex. 1999) (citing Caldwell v. Barnes , 975 S.W.2d 535, 537 (Tex. 1998) ); see Urso v. Lyon Fin. Servs., Inc. , 93 S.W.3d 276, 280 (Tex. App.-Houston [14th Dist.] 2002, no pet). "For this reason, Texas procedure has always mandated that a petition for bill of review be a new lawsuit filed under a different cause number than the case whose judgment the bill of review complainant is attacking." Amanda v. Montgomery , 877 S.W.2d 482, 485 (Tex. App.-Houston [1st Dist.] 1994, orig. proceeding) ; see *174 Ross v. Nat'l Ctr. for the Employment of the Disabled , 197 S.W.3d 795, 798 (Tex. 2006) ("[A] bill of review is a separate proceeding from the underlying suit...."); In re J.J. , 394 S.W.3d 76, 81 (Tex. App.-El Paso 2012, no pet.) ("Although a bill of review directly attacks a judgment rendered in a particular case, it is nonetheless an independent, separate suit filed under a different cause number.").
Landry's motion does not qualify as a bill of review for at least two reasons. First, it was filed in the underlying tax default case, rather than as a new action. Our court has previously held that a motion filed in the underlying case cannot be considered as a bill of review. See Lyles v. State , No. 01-14-00859-CV, 2015 WL 448500, at *2 (Tex. App.-Houston [1st Dist.] Jan. 27, 2015, no pet.) ("Thus, because appellant did not bring his petition for bill of review as a separate action, we cannot consider it here.") (citing Amanda , 877 S.W.2d at 485 ). Various other intermediate appellate courts agree.[4]
Some courts have held that a bill of review should not be dismissed solely on the basis that it was misfiled in the same case as the challenged judgment, rather than in a new action. See Chamberlain v. Alexander , No. 09-00-174-CV, 2001 WL 788408, at *2 (Tex. App.-Beaumont July 12, 2001, no pet.) ; Wells v. Maxey , No. 14-92-00789-CV, 1993 WL 143364, at *3 (Tex. App.-Houston [14th Dist.] May 6, 1993, writ denied) ; Postell v. Tex. Dept. of Pub. Welfare , 549 S.W.2d 425 (Tex. Civ. App.-Fort Worth 1977, writ ref'd n.r.e.). But this case is unlike those cases because Landry neither denominated her motion as a bill of review nor suggested that it should be considered as an incorrectly filed bill of review that otherwise met the requirements for a bill of review.
In declining to consider a similar motion filed after plenary power expired as a bill of review, the Dallas appeals court explained:
[R]eview of the proceedings below do not support treating the motion to modify as a bill of review. Rather, the motion to modify was not filed as an independent proceeding, did not purport to set out the prima facie requirements of a bill of review, and was summarily dismissed by the trial court. Furthermore, appellant does not contend on appeal that he met the requirements of a bill of review. Consequently, we conclude appellant's motion was an untimely motion to modify the original judgment. As such, the trial court had no jurisdiction to consider that motion. Consequently, we dismiss this appeal.
In re B.L.P. , No. 05-11-00470-CV, 2012 WL 6200707, at *1 (Tex. App.-Dallas Dec. 12, 2012, no pet.) (mem. op); see In re F.B. , No. 10-12-00370-CV, 2012 WL 5973765, at *1 (Tex. App.-Waco Nov. 29, 2012, no pet.) (mem. op.) ("[T]he only possible *175 means of attack remaining for [appellant] was by a bill of review. [Appellant] did not avail himself to that means because his motion to set aside the termination order does not constitute a bill of review and he properly does not attempt to argue that it is.").
Second, a bill of review must be brought within the time period allowed. Landry's motion was filed outside the four-year statute of limitations for a bill of review. Valdez v. Hollenbeck , 465 S.W.3d 217, 221 (Tex. 2015) ; PNS Stores, Inc. , 379 S.W.3d at 275 ; see TEX. CIV. PRAC. & REM. CODE § 16.051 (prescribing four-year residual statute of limitations if "there is no express limitations period"). "[T]he bill of review's four-year limitations period may be tolled" until a plaintiff knew or should have known about the default judgment if the plaintiff proves that the challenged judgment was obtained by extrinsic fraud. See PNS Stores, Inc. , 379 S.W.3d at 277 n.16 ; Britton v. J.P. Morgan Chase, N.A. , No. 01-13-00928-CV, 2014 WL 3398504, at *4 (Tex. App.-Houston [1st Dist.] July 10, 2014, no pet.) (mem. op.). Landry's motion was filed more than ten years after the default judgment, and Landry did not allege, and there was no finding of, extrinsic fraud. Accordingly, the motion cannot be considered as a timely bill of review.
D. Landry's motion was not a collateral attack
A party may collaterally attack a void judgment at any time, even after the time within which to file a direct attack has expired. See PNS Stores, Inc. , 379 S.W.3d at 272 ; see also In re Martinez , 478 S.W.3d 123, 126 (Tex. App.-Houston [14th Dist.] 2015, orig. proceeding) (concluding that even after apparent expiration of plenary power over judgment, trial court still may sign order declaring its prior judgment in case to be void because trial court lacked subject-matter jurisdiction to render judgment). The trial court allowed Landry's motion as a collateral attack, finding that "the default judgment was void and subject to collateral attack." But, because Landry's motion to vacate the default judgment was filed in the same lawsuit in which the judgment was signed, the motion was a direct attack, not a collateral attack on the judgment. See Joachim , 315 S.W.3d at 863 ("A void order is subject to collateral attack in a new lawsuit"); Browning v. Prostok , 165 S.W.3d 336, 345-46 (Tex. 2005) ("A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against.").
In conclusion, Landry's motion failed to qualify as either a timely direct attack or as a collateral attack. Thus, the trial court lacked authority to entertain the motion to set aside the default judgment.
Conclusion
For the foregoing reasons, we conclude that the trial court abused its discretion in denying the Thompsons' motion to dismiss. Because the trial court's order denying the Thompsons' motion to dismiss was void for lack of jurisdiction, the Thompsons need not show the lack of an adequate remedy by appeal to be entitled to mandamus relief. In re S.W. Bell Tel. Co. , 35 S.W.3d at 605. We conditionally grant the petition for writ of mandamus and direct the trial court to (1) withdraw its order denying the motion to dismiss and (2) dismiss Landry's motion to set aside default judgment for lack of jurisdiction. The writ will issue only if the trial court does not comply.

The underlying case is Chambers County, et al. v. Jasper Ford, et al. , cause number CV21042 in the 344th District Court of Chambers County, Texas, the Honorable Randy McDonald presiding.

The trial court initially denied the motion to set aside default judgment on the basis that it lacked jurisdiction. The trial court subsequently signed an order stating that the denial was granted in error and void because Landry was not provided notice of the submission date.

There are other exceptions, but Landry does not claim that they apply. Although not relevant to this case, even after expiration of plenary power, a trial court in the same case may sign an order (1) rendering judgment nunc pro tunc to correct a clerical error in the record of the judgment and (2) declaring a prior judgment or order to be void because the trial court signed the prior judgment or order after expiration of the court's plenary power. See Tex. R. Civ. P. 316, 329b(f).

See In re Tex. Dep't of Transp. , No. 13-02-652-CV, 2003 WL 255941, at *2 (Tex. App.-Corpus Christi Feb. 6, 2003, orig. proceeding) ("[Plaintiff's] motion cannot be considered as a 'bill of review' because it was filed in the original cause number ... not as an independent action challenging the judgment in that cause."); Urso , 93 S.W.3d at 279 ("We cannot consider [appellant's] response to the application for turnover as a bill of review because it does not meet two primary criteria for a bill of review: (1) a verified, (2) new, independent suit."); see also Alaimo v. U.S. Bank Tr. Nat'l Ass'n , No. 02-16-00123-CV, --- S.W.3d ----, ----, 2017 WL 3633297, at *4 (Tex. App.-Fort Worth Aug. 24, 2017, no pet.) (holding that trial court lacked jurisdiction to act in original case because bill of review "is both filed and resolves the underlying dispute in a separate lawsuit. It does not, therefore, restore a court's plenary power over a cause of action that has been resolved by final judgment."); Schnitzius v. Koons , 813 S.W.2d 213, 218 (Tex. App.-Dallas 1991, orig. proceeding) (stating that party's motion to vacate "cannot be considered a petition for bill of review; it is nothing more than an untimely motion for new trial.").