Opinion issued August 13, 2024



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00535-CV

_____

**A-1 AMERICAN TRANSMISSION & AUTOMOTIVE/MCSR, INC.,**
**Appellants**

**V.**

**MARCIA R. HALE, Appellee**

On Appeal from the 157th District Court
Harris County, Texas
Trial Court Case No. 2023-21093

## MEMORANDUM OPINION

Appellants A-1 American Transmission and Automotive/MCSR, Inc. (collectively, A-1) appeal the trial court's order granting appellee Marcia Hale's Rule 91a motion to dismiss their Collateral Attack and Application for a Temporary Injunction. In four issues, A-1 contends that (1) the trial court erred when it dismissed

their suit, (2) their claims are not without basis in law or fact or otherwise rest upon an indisputably meritless legal theory, (3) the default judgment entered against them by the justice court violated the justice court's stay and order compelling arbitration, and (4) they are entitled to relief from the default judgment against them. We affirm.

## Background

On October 1, 2020, Hale and A-1 entered into a service agreement under which A-1 was to perform automotive work on Hale's vehicle. The agreement contained an arbitration provision which stated:

> Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration, administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgement on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

On July 28, 2021, Hale filed a small claims petition in Harris County Justice Court, Precinct 5, Place 1, alleging that A-1 failed to repair her vehicle's transmission as agreed.[1] She sought $3,000 in damages which included a full refund of the money paid under the agreement and the cost of a rental car.

On August 12, 2021, A-1 filed its Original Answer Subject to Right to Compel Arbitration asserting a general denial, special exceptions, affirmative defenses, and requesting abatement pending arbitration.

---

[1] The case is styled *Marcia R. Hale v. A-1 American Transmission & Automotive/MCSR, Inc.*; Cause No. 215100214301 in Justice Court for Harris County, Texas, Precinct 5, Place 1.

2

On July 5, 2022, the justice court entered an order granting A-1's motion to stay litigation and to compel arbitration. The order stated, in part,

> It is therefore, ORDERED, ADJUDGED, AND DECREED that all claims brought by Plaintiff against Defendants are STAYED pending conclusion of the binding arbitration.
>
> It is FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiff Marcia R. Hale submit all of her claims and causes of action against Defendants for binding arbitration with the American Arbitration Association within thirty (30) days of this Order.

According to A-1, Hale failed to comply with the justice court's July 5, 2022 order and did not initiate arbitration proceedings.

On October 19, 2022, the justice court entered a post-answer default judgment against A-1 due to its failure to appear at trial on October 18, 2022, and it awarded $3,000 in damages to Hale.

On October 24, 2022, A-1 moved for a new trial. It argued that the justice court had stayed the case pending conclusion of a binding arbitration, and that because no arbitration had been initiated and the stay was never lifted, the court was prohibited from taking any action involving any adjudication of the merits. It requested the justice court vacate its October 19, 2022 default judgment order. The motion was denied by operation of law.

A-1 appealed the justice court's default judgment order to the county court on November 2, 2022.

3

On January 9, 2023, the county clerk sent written notice to A-1 that a filing fee in the amount of $350.00 must be paid before the case could be accepted on appeal by the county clerk's office. The notice stated that "[p]ayment must be **received** in this office by **February 2, 2023.** If payment is not received by **February 2, 2023** the case will be returned to the justice court of original jurisdiction." On February 3, 2023, the county clerk's office sent a letter to Judge Israel B. Garcia, Jr., Harris County Justice Court, Precinct 5, Place 1, stating that it had not received a filing fee from appellant.

On February 17, 2023, the justice court issued a writ of execution to satisfy the judgment entered in Hale's favor.

On March 13, 2023, A-1 filed a bill of review in the justice court. A-1 argued that it had multiple meritorious defenses to Hale's claims, particularly its defense that the controversy on which Hale's suit was based was subject to arbitration.[2]

---

[2] A bill of review is an equitable proceeding brought by a party who seeks to set aside a prior judgment that can no longer be challenged by a motion for new trial or a traditional appeal. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (citing *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004)); *see* Tex. R. Civ. P. 329b(f) ("On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law[.]"). A plaintiff who files a bill of review ordinarily must plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on the plaintiff's own part. *Caldwell*, 154 S.W.3d at 96.

4

On March 31, 2023, A-1 filed its petition entitled Collateral Attack and Application for Temporary Injunction in the 157th Harris County District Court. It argued that because the justice court stayed Hale's claims pending arbitration, and the stay was never lifted, the court's subsequent order granting default judgment against A-1 violated the stay and was therefore a void judgment and subject to collateral attack. It also sought a temporary injunction to prevent execution on the default judgment.

Hale answered A-1's bill of review and collateral attack and application for temporary injunction. She argued that A-1 violated and breached the contract making her claims not subject to arbitration. She further argued that A-1 was not entitled to the relief requested in its bill of review. Hale also moved to dismiss A-1's claims pursuant to Texas Rule of Civil Procedure 91a arguing that A-1 was procedurally barred from filing its collateral attack and temporary injunction application in district court because it had not perfected its appeal in county court due to its failure to timely pay the required filing fee and, therefore, A-1's suit lacked a basis in law. Following a hearing, the trial court denied A-1's application for temporary injunction.

A-1 responded to Hale's Rule 91a motion arguing that it should be denied because A-1 stated a claim based in law and fact. It argued that the trial court's entry of default judgment against A-1 was in direct contravention of its own order staying

5

the proceedings pending arbitration, and because the trial court was without authority to render the default judgment, A-1 was entitled to seek redress under these circumstances by pursuing a collateral attack and that dismissal under Rule 91a was improper.

On July 17, 2023, the trial court granted Hale's Rule 91a motion and dismissed A-1's Collateral Attack and Application for Temporary Injunction. A-1 appealed the trial court's July 17, 2023 order.

## Discussion

In its first two issues, A-1 contends that the trial court erred in granting Hale's Rule 91a motion and dismissing A-1's suit because its claims are not without basis in law or fact nor do they rest upon an indisputably meritless legal theory.[3]

### A. Texas Rule of Civil Procedure 91a

Texas Rule of Civil Procedure 91a allows a party to move for early dismissal of a cause of action against it. *See* TEX. R. CIV. P. 91a; *Ball v. City of Pearland*, No. 01-20-00039-CV, 2021 WL 4202179, at *2 (Tex. App.—Houston [1st Dist.] Sept. 16, 2021, no pet.) (mem. op.). A trial court may dismiss a cause of action under Rule

---

[3] Hale did not file an appellee's brief. *See Jackson v. Tex. Bd. of Pardons & Paroles*, No. 01-03-00862-CV, 2008 WL 921035, at *1 n.2 (Tex. App.—Houston [1st Dist.] Apr. 3, 2008, no pet.) (mem. op.) (noting Texas Rules of Appellate Procedure do not require that appellees file brief, but rules do provide that "[i]n a civil case, the court will accept as true the facts stated [in appellant's brief] unless another party contradicts them."); TEX. R. APP. P. 38.1(g).

6

91a if "it has no basis in law or fact." TEX. R. CIV. P. 91a.1; *Ball*, 2021 WL 4202179, at *2. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *see Ball*, 2021 WL 4202179, at *2. Courts have concluded that a cause of action has no basis in law under Rule 91a in at least two situations: (1) the petition alleges too few facts to demonstrate a viable, legally cognizable right to relief; or (2) the petition alleges additional facts that, if true, bar recovery. *State v. Cal-Maine Foods, Inc.*, No. 01-20-00641-CV, 2022 WL 3363199, at *3 (Tex. App.—Houston [1st Dist.] Aug. 16, 2022, pet. denied) (citing *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) ("In short, the plaintiff must plead sufficient facts to supply a legal basis for his claim but not so much that he affirmatively negates his right to relief.")). A cause of action has no basis in fact if "no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1.

In ruling on a Rule 91a motion, the trial court "may not consider evidence" and "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits" permitted by the Texas Rules of Civil Procedure. TEX. R. CIV. P. 91a.6; *see Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the

factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Because Rule 91a provides a harsh remedy, we strictly construe the rule's requirements. *Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *10 (Tex. App.—Dallas Jan. 3, 2019, pet. denied) (mem. op.); *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 607 n.8 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). We review a trial court's decision on a Rule 91a motion to dismiss de novo. *Bethel*, 595 S.W.3d at 654; *Malik v. GEICO Advantage Ins. Co.*, No. 01-19-00489-CV, 2021 WL 1414275, at *4 (Tex. App.—Houston [1st Dist.] Apr. 15, 2021, pet. denied) (mem. op.).

### B.    Collateral Attack

A judgment may be challenged as void through a direct attack or a collateral attack. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012). "A direct attack—such as an appeal, a motion for new trial, or a bill of review—attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition." *Id.* A direct attack may take the form of either (1) a pleading filed under the original cause number while the trial court has plenary power or (2) after the trial court loses plenary power, a pleading filed under a new cause number that qualifies as a bill of review and is filed within four years

8

of the judgment.[4] *In re Thompson*, 569 S.W.3d 169, 172 (Tex. App.—Houston [1st Dist.] 2018, no pet.). After the time to bring a direct attack has expired, a litigant may only attack a judgment collaterally. *PNS Stores*, 379 S.W.3d at 271.

A collateral attack, unlike a direct attack, does not attempt to secure the rendition of a single, correct judgment in the place of the former judgment. *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973); *In re V.M.I.*, No. 01-02-00687-CV, 2003 WL 1091901, at *2 (Tex. App.—Houston [1st Dist.] Mar. 13, 2003, no pet.) (mem. op.). It is, instead, "'an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose.'" *Emps. Cas. Co. v. Block*, 744 S.W.2d 940, 943 (Tex. 1988) (quoting *Ranger Ins. Co. v. Rogers*, 530 S.W.2d 162, 167 (Tex. App.—Austin 1975, writ ref'd n.r.e)). Because a collateral attack does not seek rendition of a new judgment to correct the judgment under attack, but merely seeks to show that the original judgment is void, such an action may be brought in *any* court of general jurisdiction. *Solomon, Lambert, Roth & Assocs., Inc. v. Kidd*, 904 S.W.2d 896, 900 (Tex. App.—Houston [1st Dist.] 1995,

---

[4] In her Rule 91a motion to dismiss, Hale argued that A-1 was procedurally barred from filing its collateral attack because it failed to perfect its appeal in county court due to its failure to timely pay the required filing fee. A-1 does not claim that it perfected its appeal in county court. Rather, it contends that it is entitled to pursue relief through a collateral attack of the justice court's default judgment which may be brought at any time. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012).

no writ) (citing *Austin Indep. Sch. Dist.*, 495 S.W.2d at 881). A trial court's judgment is void only if the court had no jurisdiction over the parties or the property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *In re V.M.I.*, 2003 WL 1091901, at \*2 (citing *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990)).

A collateral attack is accomplished through initiating a new case under a different cause number that challenges the effect of the original judgment. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010) ("A void order is subject to collateral attack in a new lawsuit[.]"). A party may collaterally attack a void judgment at any time, even after the time within which to file a direct attack has expired. *See PNS Stores, Inc.*, 379 S.W.3d at 272; *see also In re Martinez*, 478 S.W.3d 123, 126 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding) (concluding that even after apparent expiration of plenary power over judgment, trial court still may sign order declaring its prior judgment in case to be void because trial court lacked subject matter jurisdiction to render judgment).

## C.    Analysis

A-1 contends that the trial court erred in concluding that its claims had no basis in law or fact and that the trial court's dismissal of its claims under Rule 91a was improper. It argues that because the justice court stayed Hale's claims pending arbitration and the stay was never lifted, the court's subsequent order granting

10

default judgment against A-1 violated the stay and was a void judgment subject to collateral attack.

In its petition, A-1 alleged that the parties entered into a service agreement under which Hale agreed to pay A-1 for work performed on her vehicle. The agreement contained an arbitration provision stating that "[a]ny controversy or claim arising out of or relating to this contract, or the breach thereof shall be settled by arbitration." Hale filed a petition in justice court alleging that A-1 failed to perform the repairs on her vehicle as agreed upon and sought a full refund and the costs of a rental car. A-1 alleged that despite the fact that Hale's claims fell within the scope of the arbitration agreement, she refused to arbitrate her claims against A-1.

The justice court entered an order on July 5, 2022 ordering that "all claims brought by Plaintiff against Defendants are stayed pending conclusion of the binding arbitration" and that Hale "submit all of her claims against Defendants for binding arbitration with the American Arbitration Association within thirty days of this Order." A-1 alleged that, despite the stay, the justice court entered a post-answer default judgment against A-1 on October 19, 2022. A-1 alleged that the default judgment entered by the justice court in violation of the stay and its order compelling arbitration is void because it lacked the jurisdiction to enter the judgment when it did and it is therefore subject to collateral attack.

11

Under Section 3 of the Federal Arbitration Act, when an agreement provides for arbitration and, as here, one of the parties requests that the matter be stayed so that the matter can be arbitrated, the judge must stay the trial proceedings so that the parties can arbitrate their dispute. *See* 9 U.S.C. § 3. Similarly, under the Texas General Arbitration Act, a "court *shall* stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter." TEX. CIV. PRAC. & REM. CODE § 171.025 (emphasis added). Thus, by its terms, this provision imposes a mandatory, non-discretionary duty to stay the proceeding when the court orders arbitration or an application for that order has been made. *See id.*; *see also CMH Homes v. Perez*, 340 S.W.3d 444, 450 n.4 (Tex. 2011) (noting that after granting motion to compel arbitration, "a stay is generally the only appropriate order for a state court with jurisdiction of all issues" and "dismissal would usually be inappropriate because the trial court cannot dispose of all claims and all parties until arbitration is completed" (quoting *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 841 (Tex. 2009)). Under Section 171.086(a), a party may seek certain court orders "[b]efore arbitration proceedings begin, in support of arbitration[.]" TEX. CIV. PRAC. & REM. CODE § 171.086(a). The statute authorizes various orders that promote case resolution through arbitration, such as orders (i) preventing the destruction of evidence or of the controversy's subject matter, (ii) appointing arbitrators, or (iii) granting other relief needed "to permit the

12

arbitration to be conducted in an orderly manner and to prevent improper interference [with] or delay of the arbitration." *Id.* § 171.086(a)(3), (5), (6). "Consistent with these principles, Texas appellate courts have frequently corrected trial courts that, during the pendency of a motion to compel arbitration, issued orders not listed in section 171.086(a)." *Tantrum St., LLC v. Carson*, No. 05-16-01096-CV, 2017 WL 3275901, at *9 (Tex. App.—Dallas July 25, 2017, no pet.) (mem. op.) (citing *In re Hous. Pipe Line Co.*, 311 S.W.3d 449, 452 (Tex. 2009) (orig. proceeding) (per curiam); *Kelly v. Hinson*, 387 S.W.3d 906, 913 (Tex. App.—Fort Worth 2012, pet. denied); *In re Heritage Bldg. Sys., Inc.*, 185 S.W.3d 539, 543 (Tex. App. —Beaumont 2006, orig. proceeding)).

In her motion to dismiss, Hale argued that A-1 was barred from filing its collateral attack in district court because it did not perfect its appeal in county court due to its failure to timely pay the required filing fee and therefore its suit lacked a basis in law. Whether or not A-1 perfected its appeal in county court—i.e., a direct attack on the judgment—has no bearing on whether it could challenge the default judgment by means of a collateral attack. *PNS Stores, Inc.*, 379 S.W.3d at 272 (stating party may collaterally attack void judgment at any time, even after time within which to file direct attack has expired).

However, as we previously noted, a party who challenges a judgment via collateral attack seeks to show that the original judgment is void. *See Solomon,*

*Lambert, Roth & Assocs.*, 904 S.W.2d at 900 (citing *Austin Indep. Sch. Dist.*, 495 S.W.2d at 881). A trial court's judgment is void only if the court had no jurisdiction over the parties or the property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *In re V.M.I.*, 2003 WL 1091901, at *2 (citing *Mapco*, 795 S.W.2d at 703). While a trial court abuses its discretion when it does not follow Texas law by ruling on a case's merits while a motion to compel arbitration is pending before it,[5] *see e.g.*, *Tantrum Street,* 2017 WL 3275901, at *9, we have found no binding authority holding that such a ruling is void due to lack of jurisdiction. Indeed, at least one Texas court has rejected a similar argument. *See, e.g.*, *In re Precision Concrete & Excavation, LLC*, No. 02-23-00431-CV, 2023 WL 8434716, at *4–5 (Tex. App.—Fort Worth Dec. 5, 2023, no pet.) (mem. op.) (rejecting relators' argument that trial court's orders extending its temporary restraining order and setting trial—both of which were issued while their motion to stay and compel arbitration was pending—were void on basis that trial court lacked jurisdiction to enter them and denying mandamus relief on that ground).

The justice court did not lack jurisdiction to enter a default judgment after it granted A-1's motion to compel arbitration and stayed the proceedings and,

---

[5] This would also presumably apply to a ruling issued after a motion to compel arbitration is granted.

14

therefore, its judgment is not void. Because A-1's collateral attack has no basis in law, we hold that the trial court did not err in granting Hale's Rule 91a motion to dismiss. *See* TEX. R. CIV. P. 91a.1; *see also Ball*, 2021 WL 4202179, at *2. We overrule A-1's first and second issues.[6]

## Conclusion

We affirm the trial court's order granting Hale's Rule 91a motion to dismiss.[7]

Amparo Monique Guerra
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

---

[6] In light of our disposition, we do not reach A-1's remaining issues complaining of the justice court's entry of default judgment against them. We note that A-1 has a bill of review pending in the justice court.

[7] Hale requests that this Court impose sanctions against A-1 for bringing a frivolous appeal. *See* TEX. R. APP. P. 45 ("If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages."). We deny Hale's request for sanctions.