Opinion issued December 4, 2025



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00047-CV
_____

**JULIANA L. CORTEZ, Appellant**

**V.**

**PHARIA, L.L.C., Appellee**

---

**On Appeal from County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 949329**

---

## MEMORANDUM OPINION

In the trial court, Juliana L. Cortez, pro se, sought to quash a writ of execution, which enforced a 2010 default judgment entered against her. The trial court denied her motion to quash.

Here, Cortez seeks to appeal either that order denying her motion to quash the writ of execution or, years after its entry, the underlying 2010 default judgment itself. The substance of both her appeal here and her motion to quash in the trial court focuses on her position that the underlying default judgment itself is void for lack of service of process.

Framed either way, we lack jurisdiction to consider this appeal. To the extent that Cortez is challenging the trial court's denial of her motion to quash, that order is not appealable. And, to the extent that she is trying to appeal the default judgment itself, many years after it was entered, her challenge is an untimely direct attack on the 2010 judgment.

We dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Cortez remains free to bring a collateral attack, arguing that the underlying 2010 judgment is void, and we offer no opinion as to that possibility.

## BACKGROUND

In 2009, Pharia, L.L.C., a debt collector, sued Cortez for unpaid credit card debt. After six unsuccessful attempts to serve Cortez at her last known address, Pharia filed a motion for substitute service, supported by the process server's affidavit, under Texas Rule of Civil Procedure 106(b).[1]

---

[1] Rule 106(b) has since been amended, but the language in effect at that time stated the following:

The trial court granted the motion and issued an order permitting substitute service. Pharia then filed its proof of service, supported by the process server's affidavit, which indicated that Cortez was served on March 12, 2010, in the manner ordered by the court.

Cortez never appeared or filed an answer.

In June 2010, Pharia filed a motion for default judgment, which the trial court granted. The court entered the default judgment on June 23, 2010, in favor of Pharia against Cortez.

---

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

    (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

    (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b), 45 Tex. Reg. 6157, 6288 (1990, amended 2020).

In the years that followed, the trial court issued multiple writs of execution,[2] and Cortez made several payments toward the judgment.[3]

In May 2023, while still attempting to collect the judgment, Pharia's successor in interest obtained a writ of execution to sell Cortez's real property.[4] This prompted Cortez to appear in the case for the first time, nearly 13 years after the trial court entered the default judgment against her.

Cortez filed a motion to quash the May 2023 writ, arguing that the property to be sold was her principal residence and homestead and, therefore, exempt from foreclosure under Texas homestead laws. The trial court agreed and cancelled the writ.

In September 2023, the court issued another writ, this time for the sale of a different property. Cortez responded by filing a motion to quash the writ, arguing for the first time—13 years after the default judgment—that the judgment itself was invalid because she was never served.

After a hearing, the trial court denied Cortez's motion, and Cortez appealed.

---

[2] A "writ of execution" is sought by a judgment creditor to enforce judgments. *See generally Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 39 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (discussing writ of execution process).

[3] The original judgment against Cortez was for $11,009.52, plus interest and attorney's fees. The record shows that from 2013 to 2021, Cortez made dozens of payments totaling $5,270 toward the judgment.

[4] Pharia's interest has since been assigned and transferred to Pallida, LLC.

## DISCUSSION

We lack jurisdiction over this direct appeal.

### A.      Denial of Cortez's motion to quash

As an initial matter, to the extent Cortez is trying to appeal the trial court's denial of her motion to quash the writ of execution (even though her argument focuses on the 2010 judgment—not on this denial), we lack jurisdiction to review that order. Texas appellate courts have jurisdiction to review final judgments; interlocutory orders are appealable only in limited circumstances. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).

The order appealed from here—the trial court's order incident to its writ of execution—is not appealable. It is not a final judgment, and no statute or rule allows for an interlocutory appeal in this case.[5] *See* TEX. CIV. PRAC. & REM. CODE § 51.014; *Barber Family Corp. v. Roberson*, No. 06-22-00060-CV, 2022 WL 5264658, at *1 (Tex. App.—Texarkana Oct. 7, 2022, no pet.) (court lacked jurisdiction over appeal of order denying motion to quash writ of execution); *Sintim v. Larson*, 489 S.W.3d

---

[5]      Nor does the order at issue act as a mandatory injunction that would allow it to be appealable. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 586–87 (Tex. 2018) (post-judgment "turnover orders," for example, are appealable because they act as mandatory injunctions against the judgment debtor); *Kennedy v. Hudnall*, 249 S.W.3d 520, 522, 524–26 (Tex. App.—Texarkana 2008, no pet.) (order incident to writ of execution was not appealable because it did not act as a mandatory injunction).

5

551, 554, 556–59 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (similar); *see also McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 284 (Tex. 2018) ("[W]hen a final judgment exists, a subsequent order that has no effect except to enforce provisions of the judgment does not qualify as another final judgment subject to appeal."); *Schultz v. Fifth Jud. Dist. Court of Appeals at Dall.*, 810 S.W.2d 738, 740 (Tex. 1991) ("[T]he usual writs and orders to aid in execution to collect a final money judgment are not, in general, appealable orders."), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004).[6]

## B. The 2010 default judgment

At base, Cortez seeks to challenge the 2010 default judgment entered against her. She argues that the judgment is void due to lack of service. But we lack

---

[6] As our sister court explained, to the extent an order is not appealable through direct appeal, it may be subject to challenge through a mandamus proceeding. *See Sintim*, 489 S.W.3d at 556 ("Sintims' remedy to challenge both the trial court's continuing jurisdiction to issue post-judgment discovery orders and the terms of the orders themselves ordinarily would be by petition for writ of mandamus."); *In re Thomas*, No. 14-10-00001-CV, 2010 WL 183519, at *1 (Tex. App.—Houston [14th Dist.] Jan. 21, 2010, orig. proceeding) ("Some post-judgment orders are final and appealable. Post-judgment discovery orders may be reviewed by mandamus, however." (citation omitted)). But for argument's sake, even if we were to construe this appeal as a mandamus petition, that would not help Cortez. To be entitled to mandamus relief, Cortez would need to show an abuse of discretion (as well as no adequate remedy by appeal). *See In re DEK-M Nationwide, Ltd.*, 627 S.W.3d 353, 361 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). But here, the record shows no abuse of discretion by the trial court in denying Cortez's motion to quash the September 2023 writ. As explained below, the motion does not challenge the writ of execution itself; it instead asks the trial court to revisit (not on collateral attack) the original 10-plus-year-old judgment.

jurisdiction in this appeal to consider Cortez's challenge to that judgment in this posture.

**1. A party may challenge a judgment as void either through a timely direct attack or through a collateral attack.**

Cortez argues that she was not properly served in the lawsuit underlying the 2010 judgment. If proven, a failure of service renders a judgment void. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273–74 (Tex. 2012).

There are two potential avenues to challenge a judgment as void. The judgment may be challenged through a timely direct attack. *Id.* at 271. Or it may be challenged through a collateral attack. *Id.*

First, a direct attack. "A direct attack—such as an appeal, a motion for new trial, or a bill of review—attempts to correct, amend, modify or vacate a judgment . . . ." *Id.* "A direct attack may take the form of either (1) a pleading filed under the original cause number while the trial court has plenary power or (2) after the trial court loses plenary power, a pleading filed under a new cause number that qualifies as a bill of review and is filed within four years of the judgment." *In re Thompson*, 569 S.W.3d 169, 172 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding) (citing *PNS Stores* at 275).

Importantly here, a direct attack, such as an appeal, "must be brought within a definite time period after the judgment's rendition." *Id.* (quoting *PNS Stores* at 271). Timeliness requirements apply to direct attacks even when they argue a

7

judgment is void. *See, e.g.*, *Tex. Dep't of Pub. Safety v. Tran*, 672 S.W.3d 806, 813 (Tex. App.—Houston [14th Dist.] 2023, no pet.) ("Texas courts have held that an appellate court in an untimely direct appeal may not adjudicate a party's arguments as to why a judgment or order is void.").

Second, a collateral attack. After the time to bring a direct attack has expired, a litigant may only attack a judgment collaterally. *Thompson*, 569 S.W.3d at 172. A collateral attack is an attempt to avoid the effect of a judgment. *See Browning v. Prostok*, 165 S.W.3d 336, 345–46 (Tex. 2005).

"A collateral attack is accomplished through initiating a new case under a different cause number that challenges the effect of the original judgment." *Thompson*, 569 S.W.3d at 172 (citing *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010) ("A void order is subject to collateral attack in a new lawsuit . . . .")).

### 2. Cortez's appeal here is not a timely direct attack.

Cortez's appeal does not qualify as a timely direct attack. As explained, a direct attack is an attempt to correct, amend, modify, or vacate a judgment, whether on appeal or by other means. *See PNS Stores*, 379 S.W.3d at 271.

Ordinarily, to appeal a judgment from a trial court, the appellant must file a notice of appeal within 30 days after the judgment is signed. *See* TEX. R. APP. P. 26.1. Where a party timely files certain post-judgment motions, the deadline to file

a notice of appeal is extended to 90 days after the entry of judgment. *See* TEX. R. APP. P. 26.1(a).

These deadlines for filing the notice of appeal are jurisdictional. *See* TEX. R. APP. P. 25.1; *Harper v. Walker*, No. 01-23-00928-CV, 2025 WL 1942951, at *1 (Tex. App.—Houston [1st Dist.] July 15, 2025, no pet.). Absent a timely notice of appeal, we lack jurisdiction over a direct appeal and must dismiss it. *Harper*, 2025 WL 1942951, at *1.

Thus, Cortez was required to file a timely notice of appeal to challenge the 2010 judgment by direct appeal. *See PNS Stores*, 379 S.W.3d at 271 (direct attacks against a judgment, such as direct appeals, must be brought within a definite time period after the judgment's rendition); *Tran*, 672 S.W.3d at 813 ("Texas courts have held that an appellate court in an untimely direct appeal may not adjudicate a party's arguments as to why a judgment or order is void." (collecting cases)); *Tafoya v. Green Tree Servicing LLC*, No. 03-14-00391-CV, 2014 WL 7464321, at *2 n.2 (Tex. App.—Austin Dec. 30, 2014, no pet.) ("Texas courts have consistently held that a party cannot attack a void judgment in an untimely direct appeal." (collecting cases)).

But Cortez filed her notice of appeal more than 13 years after the deadline had passed. That was long after the deadline for a timely direct appeal.

### 3. Cortez's motion was not a qualifying bill of review either.

We likewise cannot construe her motion in the trial court as a qualifying bill of review. Once plenary power has expired, a judgment generally cannot be set aside by the trial court in a direct attack except by a bill of review. *Thompson*, 569 S.W.3d at 173; *see* TEX. R. CIV. P. 329b(f); *Cottone v. Cottone*, 122 S.W.3d 211, 213 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

"A bill of review is an equitable proceeding to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or direct appeal." *PNS Stores*, 379 S.W.3d at 275. It is a separate and independent suit, brought in the same court that entered the judgment being attacked, and must be filed under a different cause number. *See Thompson*, 569 S.W.3d at 173–74 (collecting cases); *Savage v. Webster*, 714 S.W.3d 190, 195 (Tex. App.—Waco 2024, no pet.) ("A petition for bill of review must be filed under a different cause number than the case whose judgment the bill of review complainant is attacking.").

Importantly, a bill of review must ordinarily be filed within four years of the date the judgment is signed. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 221 (Tex. 2015); *PNS Stores*, 379 S.W.3d at 275; *Thompson*, 569 S.W.3d at 175; *see also* TEX.

CIV. PRAC. & REM. CODE § 16.051 (prescribing four-year residual statute of limitations if "there is no express limitations period").[7]

Applying that law, Cortez's motion does not qualify. First, she waited 13 years to file her motion; her filing was long after the deadline to be timely.[8] *See Valdez*, 465 S.W.3d at 221; *PNS Stores*, 379 S.W.3d at 275; *Thompson*, 569 S.W.3d at 175. Additionally, Cortez filed her motion in the underlying case rather than as a new action under a different cause number. *See Thompson*, 569 S.W.3d at 173–74 (bill of review must be filed as new action under different cause number); *Savage*, 714 S.W.3d at 195 (same).

Cortez's motion was not a qualifying bill of review that would have enabled the trial court to review the default judgment.

---

[7]     *See also Love v. Office of Att'y Gen.*, No. 01-23-00709-CV, 2025 WL 1942945, at *2 (Tex. App.—Houston [1st Dist.] July 15, 2025, pet. filed) (applying applicable four-year statute of limitations, bill of review filed almost seven years after trial court judgement was untimely).

[8]     We acknowledge Cortez's claim that there was "extrinsic fraud" in this case. The "bill of review's four-year limitations period may be tolled" where there is evidence of extrinsic fraud. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275–77, 277 n.16 (Tex. 2012). We need not examine Cortez's fraud claim, however, because any tolling effect from the alleged fraud would have ended "when [Cortez] knew or should have known about the default judgment." *See id.* at 277 n.16. Here, the record shows Cortez knew about the judgment by at least 2013—when she began making payments toward the judgment—more than ten years before she filed her motion. *See id.*; *see also Valdez v. Hollenbeck*, 465 S.W.3d 217, 221, 229–31 (Tex. 2015) (bill of review untimely; not addressing fraud tolling because even with evidence of fraud, bill of review still untimely).

**4. Finally, Cortez cannot collaterally attack the judgment in *this* proceeding.**

A party may collaterally attack a void judgment at any time, even after the time within which to file a direct attack has expired. *See PNS Stores*, 379 S.W.3d at 272; *Thompson*, 569 S.W.3d at 175.

But under settled law, Cortez's motion in the trial court did not constitute a collateral attack. As stated above, a "collateral attack is accomplished through initiating a new case under a different cause number that challenges the effect of the original judgment." *Thompson*, 569 S.W.3d at 172, 175 ("[B]ecause Landry's motion to vacate the default judgment was filed in the same lawsuit in which the judgment was signed, the motion was a direct attack, not a collateral attack on the judgment."); *see Travelers*, 315 S.W.3d at 863 ("A void order is subject to collateral attack in a new lawsuit . . . .").

Because Cortez filed her motion in the same lawsuit under the same cause number as the default judgment (as opposed to in a separate proceeding), the motion cannot be considered a collateral attack and can only be classified as an untimely direct attack. *See Thompson*, 569 S.W.3d at 172, 175.

For the same reasons, Cortez likewise cannot use her appeal in this proceeding to collaterally attack the judgment. *See Kenseth v. Dall. Cnty.*, 126 S.W.3d 584, 596–97 (Tex. App.—Dallas 2004, pet. denied); *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 766 n.7 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("An appellant

12

cannot collaterally attack, in the same proceeding, an order that it failed to timely appeal."). She remains free to file a collateral attack in trial court, and we offer no comment on the merits of such an attack.

## CONCLUSION

We dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Any pending motions are denied as moot.


                                        Jennifer Caughey
                                        Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.