

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00239-CV

---

Noel and Norma Castillo, Appellants

v.

Maria Teresa Martinez, Appellee

---

On Appeal from the 448th District Court
El Paso County, Texas
Trial Court No. 2024DCV3787

---

## MEMORANDUM OPINION

Appellants, Noel and Norma Castillo, attempt to appeal from an order they identified in their notice of appeal as "the certain Second Order Denying Plaintiff's Motion to Vacate 91a Dismissal Order and Reinstate the Case." The order denying reinstatement and to vacate the

dismissal of the case was signed on September 11, 2025. Because we conclude the appeal was not timely perfected in this Court, we dismiss the case for want of jurisdiction.

In August 2024, Appellants filed suit against Appellee, Maria Teresa Martinez. The trial court signed an order granting Appellee's motion to dismiss on April 25, 2025 (the April Order), pursuant to Texas Rule of Civil Procedure 91a. The District Clerk sent notice of the judgment to all parties the same day. Appellants filed a motion for new trial and a motion to vacate the 91a dismissal order and to reinstate the case, respectively, on May 7, 2025, and May 9, 2025. The trial court denied both motions by separate orders signed on June 5, 2025. On August 26, 2025, or four months after the April Order, the trial court issued an order setting a hearing on Appellants' previously denied motion to reinstate. After a hearing, the trial court signed an order denying Appellants' motion to vacate on September 11, 2025 (the September Order). Appellants filed their notice of appeal challenging that order on October 6, 2025.

On October 9, 2025, the Clerk of this Court notified Appellants it appeared there was no appealable order or final judgment, thus depriving this Court of jurisdiction over the appeal. The notice warned that the case would be submitted for dismissal after ten days unless Appellants filed a response showing why the Court had jurisdiction. Tex. R. App. P. 42.3(a). Appellants responded by arguing that the trial court signed a final, appealable order affirming its dismissal of Appellants' lawsuit and denying their motion to reinstate on September 11, 2025.

After the clerk's record was filed on January 7, 2026, the Clerk of the Court next notified Appellants that it appeared that the trial court entered a final judgment on April 25, 2025, and because Appellants' notice of appeal was not filed until October 6, 2025, it appeared that the notice of appeal was untimely and the Court lacked jurisdiction over the appeal. The notice again warned

2

that the appeal would be submitted for dismissal within ten days unless Appellants filed a response showing a basis for the Court's jurisdiction. Tex. R. App. P. 42.3(a).

Appellants responded, asserting that the April Order was void because Appellee's motion to dismiss, on which it was based, did not invoke Rule 91a as grounds for dismissal, and that a void judgment "cannot have any force or effect." Appellants thus maintained the April Order did not commence the appellate timetable. Instead, they contended the September Order constituted the only final, appealable order in the case, and based on the date of that order, their appeal was timely filed. We disagree.

When a trial court signs a final, appealable order, an appellant must ordinarily file the notice of appeal within 30 days. Tex. R. App. P. 26.1. However, if any party timely files a motion for new trial, or other plenary-power extending motion, then the timeline is extended and the notice of appeal must be filed within 90 days of the date of the judgment. Tex. R. App. P. 26.1(a). Coupled with these timetables, Texas courts hold that a party cannot attack a void judgment in an untimely direct appeal. *See Kenseth v. Dallas County*, 126 S.W.3d 584, 597 (Tex. App.—Dallas 2004, pet. denied) (rejecting the argument that a void order can be attacked on direct appeal at any time, even with an untimely notice of appeal); *In re Estate of Courvier*, No. 04-07-00469-CV, 2007 WL 2935809, at *1 (Tex. App.—San Antonio Oct. 10, 2007, no pet.) (mem. op.) (per curiam) ("[E]ven a void judgment can become final for the purposes of appeal."). Rather, after the time to bring a direct appeal has expired, a party may only bring an attack against a void judgment through a collateral attack. *In re Thompson*, 569 S.W.3d 169, 172 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *see also JD Auto Corp. v. Bell*, 697 S.W.3d 441, 449 (Tex. App.—El Paso 2024, no pet.) ("There is no set procedure nor time period for bringing a collateral attack against a void judgment."). A collateral attack, however, "is accomplished through initiating a new case under a

different cause number that challenges the effect of the original judgment." *In re Thompson*, 569 S.W.3d at 172. Here, Appellants did not file a collateral attack in the trial court. They instead filed a direct appeal challenging the September Order and asserted that the April Order was void and of no legal effect.

Whether void or not, Appellants do not dispute that the April Order dismissed all of Appellants' claims pursuant to Rule 91a, and thus it was a final order. Following the signing of that order, Appellants acted on it by filing a timely motion for new trial, which extended the 30-day appellate timetable to 90-days, from May 26, 2025, to July 24, 2025. Tex. R. App. P. 26.1(a)(1). Appellants, however, did not file their notice of appeal until October 6, 2025, or 164 days after the April Order and outside the 90-day deadline. To the extent the notice of appeal could be read as challenging the April Order, it failed to timely invoke this Court's jurisdiction. Tex. R. App. P. 26.1(a)(1); *Salas v. State Farm Mut. Auto. Ins. Co.*, 226 S.W.3d 692, 695 (Tex. App.—El Paso 2007, no pet.) ("Absent a timely filed notice of appeal, we must dismiss an appeal for lack of jurisdiction.").

Appellants argue, however, that the September Order is the only final, appealable order, and because their notice was filed within 30 days' of that order, the appeal was timely. Again, we disagree. "Although the filing of a timely post-judgment motion may extend the deadline to file a notice of appeal, an order on a motion challenging a final judgment is generally not appealable separate from the underlying judgment." *In re Benavides*, 605 S.W.3d 234, 240 (Tex. App.—San Antonio 2020, pet. denied). Rather, when a timely post-judgment motion is filed, the deadline to file a notice of appeal is determined by the date of the final judgment, not the date the motion is denied. *See* Tex. R. App. P. 26.1(a) (providing that when a timely post-judgment motion is filed, a

notice of appeal may be filed within 90 days "after the judgment is signed"). Consequently, the September Order is not appealable as a separate order. *See In re Benavides*, 605 S.W.3d at 240.

Because Appellants failed to timely perfect their appeal, we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

GINA M. PALAFOX, Justice

March 12, 2026

Before Palafox and Soto, JJ., Benavides, J. (Senior Judge)
Benavides, J. (Senior Judge), sitting by assignment

5